### DUNN v. BALLANTYNE.

(Supreme Court, Appellate Division, Second Department. May 8, 1896.)

NEGLIGENCE—DISCHARGING GOODS FROM LIGHTER.

    A lighterman, who, in discharging goods on a bulkhead, negligently placed them so that on the next day some of them fell and injured a person lawfully on the bulkhead, is liable to the person injured, though the consignee of the goods, at the time they were placed on the bulkhead, gave a receipt to the lighterman, who thereupon took the lighter away; and his liability is not restricted to injuries received while the goods were still under his control.

Appeal from circuit court, Kings county.

Action by Frank P. Dunn against William C. Ballantyne for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial made on the minutes of the court, defendant appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Hamilton Odell, for appellant.
Willard U. Taylor, for respondent.

BARTLETT, J. The defendant, at the time of the occurrences to which this suit relates, was a part owner and the manager of a steam lighter. On the 28th day of February, 1894, this vessel discharged a quantity of heavy iron gas pipe on a bulkhead in the city of New York, between piers 13 and 14, East river. The pipe was consigned to the East River Gas Company. The defendant caused the pipe to be placed in two piles upon the bulkhead, so that a passage was left between them, through which persons could go to and from the street and the outer edge of the bulkhead. After the pipe was thus piled a representative of the East River Gas Company signed the receipts to the defendant therefor, and the lighter went away. On the following day the plaintiff, while lawfully upon the bulkhead, engaged in the general inspection of lighters belonging to the Tide-Water Oil Company, had occasion to pass between the two piles of pipe, in order to give directions to a man employed upon one of the vessels under his control, which lay across the bulkhead, directly in front of the two piles. While in the passageway between them, one of the pipes fell upon him, breaking his leg and inflicting other injuries, on account of which he recovered a verdict of $2,600 upon the trial of this action.

The appellant makes three points: First, that the plaintiff took no care to avoid the injury, although the danger was apparent; second, that there was no sufficient proof of the defendant's negligence, particularly because the pipe might have assumed a dangerous position after the defendant left it, and before the accident, by

reason of the intervention of other persons; and, third, that the defendant's liability in respect to the pipes ceased when he delivered them to the consignee, and he could not be held liable for any injury sustained by the plaintiff after such delivery, even if that injury resulted from the improper piling of the pipes by the defendant.

Considering these points in their order, we think the question of contributory negligence was properly left to the jury. The situation of the vessel, whose presence at the bulkhead called the plaintiff there, appears to have been such as to make the passage between the two piles of pipe the most convenient access to the place where his duties called him. He was in haste in his work, and it can hardly have been manifest to one engaged as he was that the pipe was likely to fall just then, inasmuch as the piles had in fact remained for many hours without change.

As to the negligence of the defendant, there is ample proof to sustain the finding of the jury. Although there is some conflict in the testimony as to the precise position of the pipe which fell, with respect to the other pipes in the pile, at different times after they were unladen on the bulkhead, there was positive evidence from one witness, who appears to have had no interest in the case, from which the jury could infer that the pipe, at the time of the accident, remained in substantially the same position as that in which the defendant left it. This witness said he saw the pile about 15 minutes after the lighter had discharged the pipe, and that it was then in the same condition in which he saw it on the following day, between half-past 8 and 10 o'clock. The accident happened about noon.

The most important point made by the appellant is the third. The argument to support it is that the putting up of a pile of pipe on a bulkhead is analogous to the construction of a house. If the house is built by an independent contractor, he only is liable for injury sustained by third parties while work is going on. But when the house in completed and turned over to the owner, and accepted by him, so that he controls it, the liability of the contractor to third parties is terminated. We do not think such a case is analogous to that before us. Here the structure, if it may be so called, was put up in a public place, to which people generally have a right to resort, just as they have the right to use the streets of a city. While it is intended that the bulkhead shall be used for the temporary storage of goods in transit, no one has a right to store them there in such a manner as to endanger the persons of those who rightly resort to the wharf, any more than a person who is engaged in the construction of a house in a city has the right to pile bricks or building material upon the sidewalk or in the street in such a manner as to imperil passers-by. The case closely resembles Earl v. Crouch (Sup.) 10 N. Y. Supp. 882; Id., 16 N. Y. Supp. 770; Id., 131 N. Y. 613, 30 N. E. 864. In that action the defendant was a lumber dealer, who piled a quantity of lumber in a street in Rochester, in such a negligent manner that it fell upon a little child and caused his death. A verdict in favor of the administrator was sustained by the general term in the Fifth department, and affirmed in the court

of appeals. A reference to the record shows that before the accident the defendant had actually delivered the lumber to the contractor, who was to use it in building; so that his control over it had ceased just as completely as had the control of the defendant in the present case over the pipe which he piled upon the bulkhead. This fact, however, did not relieve him from liability. See Court of Appeals Cases, Brooklyn Law Library, vol. 1041. It would seem that under such circumstances the person who erects a dangerous structure in a highway or public place, as well as the person who acquires ownership, and subsequently assumes control thereof, with knowledge or notice of its true condition, is responsible for injuries which may result from its presence.

I think the judgment should be affirmed. All concur.