ANN WHALEN, Respondent, *v.* THE CITIZENS' GAS LIGHT COMPANY, Appellant.

1. PERSONAL INJURY — CONTRIBUTORY NEGLIGENCE. In actions for damages for a personal injury, the absence of negligence on the part of the plaintiff contributing to the injury must be affirmatively shown by the plaintiff; no presumption of freedom from such negligence arises from the mere happening of an injury.

2. INJURY TO TRAVELER ON PARTLY OBSTRUCTED SIDEWALK. Where a gas light company, in order to lay a pipe across a city sidewalk, has removed, by consent of the municipal authorities, a flagstone from a part of the walk and placed it upon an adjoining flagstone, and opened the ground next to the abutting building, leaving an undisturbed and unobstructed space several feet wide between that opening and another in the street, intending to make connection by tunneling — a traveler, who, being able to see the obstruction, voluntarily and unnecessarily attempts to step over the displaced flagstone instead of using the safe passageway afforded by the undisturbed portion of the walk, cannot be regarded as

having exercised ordinary prudence, and is deemed to have assumed the risk of injury, and, hence, cannot, upon such a state of facts, recover damages from the gas company for an injury received in so attempting to pass over the displaced flagstone.

*Whalen* v. *Citizens' G. L. Co.*, 10 Misc. Rep. 281, reversed.

(Argued October 23, 1896; decided December 1, 1896.)

APPEAL from a judgment of the General Term of the City Court of Brooklyn, entered November 27, 1894, which affirmed a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank Sullivan Smith* for appellant. The trial court erred in denying the defendant's motion to dismiss the plaintiff's complaint and in submitting the case to the jury, as the negligence of the plaintiff contributed to the injury which she sustained. (*Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 451 ; *Dubois* v. *City of Kingston*, 102 N. Y. 219 ; *Splittorf* v. *State*, 108 N. Y. 205; *Weston* v. *City of Troy*, 139 N. Y. 281; *N. Y. L. Ins. Co.* v. *Weber*, 58 Fed. Rep. 340 ; *Nolan* v. *King*, 97 N. Y. 565; *Jacobs* v. *Bangor*, 16 Me. 187; *Vicksburg* v. *Hennessey*, 54 Miss. 391 ; *Scaggs* v. *President, etc., D. & H. C. Co.*, 145 N. Y. 201 ; *Stephenson* v. *E. G. L. Co.*, 60 Hun, 77 ; *Neddo* v. *Village of Ticonderoga*, 77 Hun, 524 ; *Wright* v. *City of St. Cloud*, 54 Minn. 94.) The defendant was free from negligence. (Wood on Nuisances [2d ed.], 268 ; *Comm.* v. *Passmore*, 1 S. & R. 217 ; *Callanan* v. *Gilman*, 107 N. Y. 360 ; *Shook* v. *City of Cohoes*, 108 N. Y. 648 ; *Welsh* v. *Wilson*, 101 N. Y. 254 ; *Hubbard* v. *Concord*, 35 N. H. 52 ; *Sanger* v. *D. C. R. Co.*, 87 Mich. 646 ; *Cowen* v. *R. R. Co.*, 84 Mich. 583 ; *Beltz* v. *City of Yonkers*, 148 N. Y. 67.) There was not sufficient evidence to justify submitting the case to the jury. (*Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 341 ; *Baulec* v. *N. Y. & H. R. R. Co.*, 59 N. Y. 356 ; *Linkauf* v. *Lombard*, 137 N. Y. 417 ; *Hemmens* v. *Nelson*, 138 N. Y. 517.) The trial judge should have permitted the

defendant to show that its laborers placed the flagstone over the broken flagstone under the direction of the defendant's foreman. (1 Starkie on Ev. 87; 1 Greenl. on Ev. § 108; Steven's Digest, arts. 3, 8; *L. S. & M. S. R. R. Co.* v. *Bd. of Suprs.*, 2 N. Y. S. R. 317.)

*Isaac M. Kapper* for respondent. The manner in which the flagstone had been placed in the way of pedestrians was unusual, unnecessary and unreasonable, and placing it upon the public street, as proven by the plaintiff, was inherently dangerous and a total disregard of the rights and safety of the public use of the sidewalk. (*Eggleston* v. *C. T. Road*, 18 Hun, 149; *Crawford* v. *W. & B. Mfg. Co.*, 8 Misc. Rep. 49; 144 N. Y. 708; *Cousins* v. *T. A. R. R. Co.*, 25 N. Y. S. R. 341; *McCarten* v. *Flagler*, 69 Hun, 134; *Francis* v. *N. Y. S. Co.*, 114 N. Y. 380; *Sexton* v. *Zett*, 44 N. Y. 431; *Flynn* v. *N. Y. E. R. R. Co.*, 17 J. & S. 62; *Creed* v. *Hartmann*, 29 N. Y. 591; *Irvine* v. *Wood*, 51 N. Y. 224; *Vil. of Port Jervis* v. *F. Nat. Bank*, 96 N. Y. 556.) The question of contributory negligence was one for submission to the jury. (*Pomfrey* v. *Village of Saratoga Springs*, 104 N. Y. 459; *Shook* v. *City of Cohoes*, 108 N. Y. 648; *Pettengill* v. *City of Yonkers*, 116 N. Y. 558; *Brusso* v. *City of Buffalo*, 90 N. Y. 680; *Childs* v. *Vil. of West Troy*, 23 Hun, 68; *Dale* v. *City of Syracuse*, 71 Hun, 449; *Gibbons* v. *Village of Phœnix*, 39 N. Y. S. R. 658; *Palmer* v. *Dearing*, 93 N. Y. 7; *Bullock* v. *Mayor, etc.*, 99 N. Y. 656; *Smith* v. *Ryan*, 29 N. Y. S. R. 672; 130 N. Y. 653; *Holloway* v. *City of Lockport*, 54 Hun, 153.)

Haight, J. This action was brought to recover damages for a personal injury.

On the 12th day of September, 1893, the defendant was engaged in laying a gas pipe across the sidewalk in Court street in the city of Brooklyn, connecting its gas main in that street with the premises on the northeast corner of Court and Sackett streets. For this purpose it had obtained the consent

of the city authorities for the removal of the flagstones of the
sidewalk in order to dig a trench in which to lay the pipe.
At the time of the accident complained of it had caused a
flagstone next to the building to be removed, and another
flagstone, four feet two inches in length by three feet four
inches in breadth and between three and four inches in thick-
ness in the center of the walk, to be taken up and placed
upon an adjoining flagstone upon the walk, and its employees
were engaged in digging a pit next to the house, intending to
tunnel through the intervening space so as not to necessitate
the removal of any more of the sidewalk. The space between
the two openings undisturbed was about five feet. Whilst
the walk was in this condition the plaintiff approached,
tripped her foot upon the flagstone that had been removed,
fell upon it and sustained the injury for which this action was
brought. It was about a quarter before eleven o'clock in the
forenoon, and was a nice day. She was about seventy years
of age, and had been engaged in doing general housework
and sewing, and used to go out to wash, iron and clean house.
She testified that her eyesight was very good and that she did
not notice the flagstone or the excavation beside it as she came
near the place where she fell; that she was looking along the
street as she walked.

It is the well-settled law of this state that, in actions of this
character, the absence of negligence on the part of the plain-
tiff contributing to the injury must be affirmatively shown by
the plaintiff, and that no presumption of freedom from such
negligence arises from the mere happening of an injury.
(*Reynolds* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 248; *Wes-
ton* v. *City of Troy*, 139 N. Y. 281.) If this law is to be
recognized and followed we are unable to see how this
judgment can be sustained; for to hold otherwise would
practically overrule and annul the rule of contributory negli-
gence. As we have seen, it was a bright day and about eleven
o'clock in the forenoon. The obstacle over which the plain-
tiff fell was a large flagstone over four feet in length and
three in breadth. There was nothing to obscure her vision;

10

her eyesight was good and she could see as she was walking along the walk. It is not pretended that anything occurred that momentarily obstructed her vision, and it is difficult to conceive how she could have avoided seeing the obstacle unless she was heedlessly proceeding in utter disregard of the precautions usually taken by careful and prudent people. To our minds the negligence here is greater than that of the plaintiff in the *Weston* case (*supra*). In that case the plaintiff stepped upon a ridge of ice which was partially covered with snow. ANDREWS, Ch. J., in delivering the opinion, says: " Whether the plaintiff saw the ridge before stepping upon it does not appear. Nor was it shown whether she was walking fast or slow, or what attention she was paying, if any, to the condition of the sidewalk. If she discovered the ridge she was not required to leave the sidewalk, but she might, without being subject to the charge of negligence, using due care and prudence, have kept on her way. But she could not heedlessly disregard the precautions which the obvious situation suggests and proceed as if the sidewalk was free and unobstructed. The presumption which a wayfarer may indulge, that the streets of a city are safe and which excuses him from maintaining a vigilant outlook for dangers and defects, has no application where the danger is known and obvious." (See, also, *Beltz* v. *City of Yonkers*, 148 N. Y. 67, and cases there cited.)

At the conclusion of the case the court was asked to charge that if the plaintiff saw the obstruction, and voluntarily and unnecessarily attempted to pass on the outside by stepping over the stone instead of inside where a safe passage was left, she cannot be regarded as having exercised ordinary prudence and she did so at her own risk. The sidewalk at this place was upwards of eighteen feet wide. The unobstructed space between the two openings in the walk was at least five feet. There was no difficulty in the plaintiff's passing through this unobstructed space without injury. If she saw the obstruction and voluntarily stepped upon it, or attempted to pass over it, and in doing so fell, we fail to see why she did not

assume the risk.    It is perfectly evident that the passing over the stone was unnecessary, and that it required but a step or two to one side in order to have the walk entirely unobstructed.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.