WALSH v. McGARRY et al.

(Supreme Court, Appellate Division, Second Department. April 18, 1902.)

INJURY TO INFANT—IMPUTABLE CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFI-
CIENCY.

In an action by an infant for injuries received, while walking along
a public sidewalk, by the fall of several flue pipes from a pile of build-
ing material standing thereon, an adult who was leading the child by
the hand at the time testified that the pile fell without being touched,
and, when asked why, answered that: "They were roughly put up there.
They were hanging over." *Held* not to show contributory negligence,
as matter of law, on the part of the adult, imputable to the child, be-
cause not indicating that the condition of the pile was perceived until
after the pipe fell.

Appeal from municipal court, borough of Brooklyn.

Action by Michael E. Walsh, by Mary Walsh, his guardian ad
litem, against William McGarry, impleaded with John Cooper.
Judgment against McGarry, and he appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

William J. Bogenshutz, for appellant.
Charles Brand, for respondent.

WILLARD BARTLETT, J. The plaintiff, an infant, was injured,
while walking on a public street in the borough of Brooklyn, by
the fall of several flue pipes from a pile of building material which
had been placed upon the sidewalk by the defendant Cooper, and
was maintained there by the defendant McGarry. Upon the trial
the complaint was dismissed as against the defendant Cooper, but
the defendant McGarry was held liable in damages to the extent of
$500. At the time of the accident the child was walking in com-
pany with an adult, who testifies that as they passed the pile the flue
pipe fell, without being touched by either of them. This witness,
when asked whether there was any apparent reason why the flue pipe
fell down, answered: "They were roughly put up there. They were
hanging over." As the witness was leading the child by the hand,
and saw that the pipe was badly piled and overhanging, it is con-
tended that the witness was guilty of contributory negligence, which
is imputable to the child, inasmuch as there was a clear space of
10 or 11 feet of sidewalk, which would have enabled them to avoid
the danger entirely. It does not follow, however, as matter of law,
that there was any contributory negligence in the case. The evi-
dence does not indicate that the condition of the pile was perceived
until after the pipe fell, and negligence is not necessarily to be in-
ferred on the part of a traveler upon a public street because he as-
sumes that building material thereon has been placed in such a man-
ner that it will not fall upon the passer-by. Questions similar to
those which are raised by the appellant were considered by this court
in Dunn v. Ballantyne, 5 App. Div. 483, 38 N. Y. Supp. 1102, and
Ramsey v. Contracting Co., 49 App. Div. 11, 63 N. Y. Supp. 286,
and a reference to those cases will suffice to show why this judgment

should be affirmed. The appellant is probably right in contending that if he is liable the defendant Cooper ought to have been held liable, also, but this affords no ground for a reversal of the judgment before us.

Judgment affirmed, with costs. All concur.