SKAPURA v. NATIONAL SUGAR REFINING CO.

(Supreme Court, Appellate Division, Second Department. May 1, 1903.)

1. SERVANT—INJURIES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

Negligence of the employer, and absence of contributory negligence on the part of the employé, must be affirmatively proved before the latter can recover for injuries.

2. SAME—SAFE APPLIANCES FOR WORK.

An employé was engaged in filling with coal a bucket, which, when filled, was hoisted up into defendant's factory by means of a rope attached to the bucket by an iron hook. The bucket slipped off the hook, fell on the employé, and killed him. No defect in the hook used was shown, but it was sought to be shown that there was another kind of hook in the market, supplied with a safety snap. The evidence to show that such hook had been in the market and was commonly in use was limited to the testimony of one witness, who named only three or four places where it was used; and he had only known of its use for about two years, though there was testimony that such hooks had been on the market for eight or ten years. The evidence showed that the hook used by defendant was the same as, or similar to, those used by it for eight years, and that no accident had ever resulted from such use. *Held* not to show negligence of defendant in failing to provide the new hook.

3. SAME—CONTRIBUTORY NEGLIGENCE.

Deceased and another employé were engaged in filling with coal a bucket, which, when filled, was hoisted up into defendant's factory by means of a rope attached to the bucket by an iron hook. Deceased had worked with this apparatus for at least a month prior to his injuries, which resulted from the bucket slipping off the hook and falling on him. The hook was personally handled either by deceased or his companion, and, after filling the bucket, they signaled the engineer to go ahead, and then went to work directly under the rising bucket, containing half a ton of coal, without looking to see if it was going up all right or not. *Held* not the slightest evidence of the exercise of any care on the part of deceased.

Hooker, J., dissenting.

Appeal from Trial Term, Westchester County.

Action by Anna Skapura, as administratrix of John Smith, deceased, against the National Sugar Refining Company. From a judgment for plaintiff, and from an order denying its motion for a new trial, defendant appeals. Reversed.

¶ 1. See Master and Servant, vol. 34, Cent. Dig. §§ 895, 908.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCH-
BERG, and HOOKER, JJ.

John Vernon Bouvier, Jr., for appellant.
F. W. Catlin, for respondent.

WOODWARD, J.   Notwithstanding the constant tendency of hu-
man sympathy to award damages for injuries received by employés
through the alleged negligence of employers, the appellate courts
have resolutely insisted that the plaintiff was bound, as a condition of
such recovery, to establish by evidence the negligence of the em-
ployer, and the absence of contributory negligence on the part of the
employé (Wieland v. Delaware & Hudson Canal Co., 167 N. Y. 19,
23, 60 N. E. 234, 82 Am. St. Rep. 707); and it is because the plain-
tiff has failed to establish either of these propositions that we are
forced to reverse the judgment now before us.   The plaintiff, as
administratrix of the goods, chattels, and credits of John Smith, de-
ceased, brings this action to recover damages for the death of the
said John Smith—such death being alleged to have been caused by
the negligence of the defendant, without fault or negligence on the
part of the deceased—and the trial resulted in a verdict in favor of
the plaintiff.   The defendant appeals from the judgment, and from
an order denying a motion for a new trial, upon the usual grounds.

The complaint alleges that on or about the 25th day of May, 1901,
the said John Smith, deceased, was employed as a laborer by the
defendant in and about its factory, and was assigned to, and engaged
by the defendant in, the unloading of coal from a barge or other
vessel moored alongside the defendant's dock, adjacent to said factory;
that the unloading of said coal from said barge or vessel was effected
by means of a rope or cable connected with an overhead hoisting
machine operated by steam power; that, in the unloading of said
coal from said barge or vessel, an iron bucket was attached to said
cable or rope, which was lowered from said hoisting machine into
said barge or vessel, there to be filled with coal; that after being so
filled the said bucket was hoisted up by means of said machine and
cable or rope, to be dumped and deposited in a receptacle connected
with said machine and said factory; that, in order to prevent the said
bucket from falling before it reached the said receptacle, the same
was fastened and secured to said cable or rope, and held in proper
position, by an iron hook attached to said cable or rope; that
"on the said 25th day of May, 1901, the said hoisting machine was
defective, insecure, dangerous, inadequate, and out of order, in that
the said hook holding the said bucket filled with coal was allowed
to loosen the said bucket and give way, and failed to perform its
function until it reached the said receptacle overhead, of which de-
fect, insecurity, and danger the defendant for a length of time knew,
or, by the exercise of proper care, ought to have known."   This is
the only allegation as to the defendant's alleged negligence, and the
evidence, which was received over the defendant's objection and
exception, did not attempt to establish any defect in the machine
or in the hook in use, but sought to show that there was another
kind of hook in the market, which was supplied with a safety snap;

the inference being that, if this kind of a hook had been used, the accident would not have occurred. The evidence to show that this hook had been in the market and was commonly in use was limited to the testimony of a single individual, who was able to name only three or four places where the new kind of hook was in use, and he had only known of their use during a period of about two years, although there was testimony that such hooks had been upon the market for eight or ten years; so that the evidence, conceding it to have been the duty of the defendant to use reasonable care to keep its appliances up to date, was scarcely sufficient to show any negligence on the part of the master in the use of what was conceded to be such a hook as was commonly in use in moving heavy articles, and which was not shown to be in any way defective for one of its kind. When to this is added the undisputed evidence of the defendant's witnesses that the hook in use was the same as, or similar to, those which had been used by the defendant for the performance of this kind of work for a period of eight years, and that no accident had ever resulted from such use prior to the one now under consideration, it becomes evident that the plaintiff has failed to establish by competent evidence the neglect by the defendant of any duty which he owed to the plaintiff's intestate. The defendant was not bound to furnish absolutely safe appliances under all circumstances; his duty was to exercise reasonable care in providing the plaintiff's intestate with reasonably safe machinery and appliances for the performance of the work which he was to do; and, until the plaintiff has established that the hook in use was not a reasonably safe appliance, she has failed to establish a right of recovery. The fact that there may have been a better hook does not establish that the hook in use was not reasonably safe, and, while there are cases in which it has been held that the defendant could not close his eyes to improvements, it will be found that they were cases in which the dangers to be apprehended were great, and the use of the improvement was so open and notorious, and its utility so thoroughly established, as to compel the inference that the master had been negligent in his duty in failing to adopt such improvement. This might be true of a railroad company which refused to use air brakes in the operation of its fast trains, but we cannot believe, in the mere matter of a simple hook used in hoisting a coal bucket, where the defendant for a period of eight years had used a similar hook without accident, that negligence may be predicated upon the fact that a different hook has been on the market for a number of years, and that three or four corporations have been known to use the improved hook for a period of two years.

But if it be conceded that the evidence of the negligence of the defendant was sufficient to warrant the submission of the question to the jury, this case is absolutely devoid of any evidence of lack of contributory negligence on the part of the plaintiff's intestate. The evidence showed that the deceased was engaged in shoveling coal into a bucket used for hoisting coal from the hold of a barge to a receptacle in the defendant's factory; that the hoisting machine, operated by steam, was elevated about 70 feet above the hold of the vessel, and that a rope, with the hook in question, was lowered from an extended arm, and was attached by the deceased and the only

witness of the accident to the bucket when it was filled with coal; that they then gave the signal, and the engine raised the load rapidly to the extended arm, where it was carried by a contrivance to the point of dumping. The hook was personally handled either by the deceased or his companion, and, if it was not a proper hook, this fact was certainly as obvious to the deceased as it could have been to the defendant. The evidence shows that the deceased had worked with this apparatus at least a month prior to the accident, and he must be assumed to have known the method of operation, and to have known and accepted the obvious dangers of his position. There is not the slightest evidence of the exercise of any care on the part of the deceased, and the cases are unanimous in holding that the burden is upon the plaintiff to show affirmatively that the deceased was free from negligence contributing to the accident. Whalen v. Citizens' Gaslight Co., 151 N. Y. 70, 45 N. E. 363. It is true that in some cases the courts have accepted very slight evidence of care on the part of the decedent where there were no eyewitnesses, but the rule has never been relaxed where there were such witnesses. In the case now before us, the plaintiff introduces the fellow laborer of the deceased, but he testifies to no act on the part of the latter from which a jury might properly infer that he exercised reasonable care. The evidence is that the two men filled the bucket, attached the hook in the usual way, and signaled the engineer to go ahead, and that then the two men began shoveling or digging away the coal, so that they could reload the bucket with greater ease upon its return. That is, knowing the kind of hook in use, the deceased aided in fastening the bucket, gave a signal for the removal of the same, and then went to work directly under this bucket, containing half a ton of coal, without so much as a glance, so far as the evidence shows, to determine whether the bucket was going up all right to the point where it would be carried away. Surely, if there was any reason to apprehend danger from the use of this hook, it was known to the deceased; he had full opportunity to know all about it; and yet, so far as the evidence goes, he connected the hook with the bucket, gave the signal, and then stepped directly under the bucket and went to work, without a single precaution. The bucket, for some reason which is not fully explained in the evidence, fell and killed the plaintiff's intestate; but, so far as we are able to discover from the record, this was not under such circumstances as to impose liability upon the defendant. The mere fact that an accident has happened does not give rise either to the presumption of negligence on the part of the master, as a general proposition, nor yet to the absence of contributory negligence on the part of the deceased. These propositions must be proved affirmatively. Whalen v. Citizens' Gaslight Co., supra; Wieland v. Delaware & Hudson Canal Co., 167 N. Y. 19, 23, 60 N. E. 234, 82 Am. St. Rep. 707.

The judgment and order appealed from should be reversed, and new trial granted; costs to abide the event.

BARTLETT, HIRSCHBERG, and JENKS, JJ., concur on the ground that the proof failed to establish defendant's negligence. HOOKER, J. dissents.