### GRIBBEN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. June 22, 1903.)

1. DANGEROUS STREETS—NOTICE TO PEDESTRIAN—PRESUMPTION OF SAFE CONDITION.

In the absence of an appearance of danger readily discernible by reasonable care, the existence of which is ordinarily a question of fact, pedestrians have the right to assume that sidewalks and crosswalks are safe.

2. SAME—PARTICULAR DEFECT—NOTICE—QUESTION OF FACT.

Whether a rail extending over a crosswalk constitutes a sufficient notice of danger to a pedestrian to make it her duty to avoid it is a question of fact.

MacLean, J., dissenting in part.

Appeal from City Court of New York.

Action by Jessie Gribben against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

H. A. Robinson, for appellant.
Frank Herwig, for respondent.

FREEDMAN, P. J. As a general rule, the sidewalks and crosswalks in the city of New York are for the benefit of all conditions of people, and hence, ordinarily, every one, in passing along over them, has the right to assume that they are safe, and to regulate his

¶ 1. See Municipal Corporations, vol. 36, Cent. Dig. § 1678.

conduct upon that assumption as long as there is no appearance to the contrary. Whenever there is such an exceptional appearance, persons who pass over a sidewalk or crosswalk are chargeable with notice of its actual condition, if it is obvious or readily discoverable by the exercise of such reasonable care and caution as a careful and prudent person would exercise under the same circumstances. But this is generally a question of fact. In the case at bar plaintiff sustained injury by having her foot caught under a rail of the defendant's track extending over the crosswalk; and whether the projection, such as it was, constituted a sufficient notice to the plaintiff to make it her duty to avoid it was a question of fact. The question of plaintiff's contributory negligence was therefore for the jury, and their verdict upon this point should not be disturbed.

On the question of defendant's negligence in allowing the rail to remain for a long time in the defective condition in which it was at the time of the accident, the evidence abundantly supports the verdict.

The judgment and order should be affirmed, with costs.

GILDERSLEEVE, J., concurs.

MacLEAN, J. (dissenting). This action was brought to recover damages for personal injuries received by the plaintiff through the alleged negligence of the defendant's servants. The plaintiff, a married woman, living with her husband and family at 530 Third avenue, between Thirty-Fifth and Thirty-Sixth streets, in the city of New York, on the 27th of September, 1901, about 3 o'clock in the afternoon, went to her husband's store at Thirty-Third street and Third avenue, on the west side, and, returning on the same side of the avenue, went into the dry goods store at the southwest corner of that avenue and Thirty-Fifth street, not far from opposite her own house, three or four doors above Thirty-Fifth street. After that, going northward on the crosswalk, from the southwest corner of Third avenue and Thirty-Fifth street to the northwest corner, her foot caught under a rail of defendant's track running through Thirty-Fifth street, and she was violently thrown to the ground, receiving the injuries of which she complains. Looking around after her fall, she saw the rail over which she fell projecting about five inches above the crosswalk. She did not see it before she fell. There was testimony to show that this rail had been in this condition for some time. The plaintiff's son, a boy 13 years of age, testified that he had crossed the rail often, and that about four weeks before his mother fell he saw the rail when it was about three inches above the crosswalk, and that it got worse; that he had seen a lady trip over it, and break three or four dishes. The shopkeeper at the corner said that the rail projected above the crosswalk, he should judge, about four or five inches, and that there was a space underneath the rail. He observed the condition, prior to September 27th, for over two months. Upon this there arose a presumption of the defendant's responsibility for the position and condition of the rail, and a question, so far as its negligence was concerned, upon the evidence, for the jury. It is

almost a commonplace, however, to say, in the courts of this state, that in actions for personal injury based on the negligence of the defendant absence of contributory negligence on the part of the plaintiff must be affirmatively shown by the plaintiff either by direct proof or by circumstances from which it is inferable.

Testifying further respecting the occurrence, the plaintiff said:

"After coming out of this dry goods store, I went to cross, and was looking ahead of me. I saw my boy coming on the west side of the street. There is a crosswalk there. I was walking on this crosswalk, and was observing my little boy coming towards me on the other side of the way, on the west side. My house is three or four houses from Thirty-Fifth street. He was near my house at the time I observed him coming towards me. I was watching him. My right foot caught under the rail, and I was pushed right forward on my right side. After I fell, I lifted myself up the best I could, and turned around to see what I fell over, and saw a loose rail about five inches above the street. I had not observed this loose rail before this time. I had not seen it before then. * * * That rail was projected above the crosswalk about five inches."

And on cross-examination:

"I never knew what I had fallen over until I got up and turned around. It was about five o'clock, between light and dark, in September. I was not looking. I was looking towards my boy. He was coming towards me. I was looking at him. I suppose, if I was looking out, I could see things clearly, if I did look. There was not just light enough at that time."

As was remarked in the opinion (all agreeing) in Whalen v. Citizens' Gas Light Company, 151 N. Y. 70, 73, 45 N. E. 363:

"It is the well-settled law of this state that in actions of this character the absence of negligence on the part of the plaintiff contributing to the injury must be affirmatively shown by the plaintiff, and that no presumption of freedom from such contributory negligence arises from the mere happening of the injury. [Citing cases.]"

If this law is to be recognized and followed, we are unable to see how this judgment can be sustained; for to hold otherwise would be to practically overrule and annul the rule of contributory negligence. It was almost an hour before sundown, and nearly an hour and a half before the close of twilight, when this accident happened, at a place where all the light at that time of the day would fall upon that crossing, with which the plaintiff was familiar, not only presumably, because of her residence in the neighborhood, but actually, from her at least occasionally making use of the same pathway. Whatever danger there was was obvious to any one proceeding with the care imposed upon the plaintiff by her circumstances and the situation, and which she might not heedlessly disregard. The presumptions which a wayfarer may indulge that the streets of a city are safe have no application where the danger is obvious, and here the obstacle was so apparent that the plaintiff, without anything to obstruct her view, or immediately to distract her attention, could not walk heedlessly on, trusting to her familiarity with the spot, and excuse herself by the distraction of looking at her boy near her home.