Ingraham, J. (dissenting):
This action was to recover for personal injuries sustained by the plaintiff by tripping on a flagstone on the sidewalk on Second avenue, between Thirty-third and Thirty-fourth streets, in the city of New York. The plaintiff testified that he was injured on the 24th day of October 1902, at about half-past six o’clock in the morning, in front of No. 611 Second avenue, between Thirty-third and Thirty-fourth streets, in the city of New York; that at the time he was walking north on Second avenue, going to work; that there were several persons walking on the avenue, and in order to pass them he turned to the right, tripped and fell over a stone on the sidewalk; that the sidewalk at this point was, flagged, but the stone on which he tripped was lying on the flagging, was about two feet wide, two and one-half feet long and three inches thick, and was a foot or more from the curbstone; that he broke his leg four or five inches from the ankle; that he did not see the stone before he stumbled over it; that he was hurrying to get to work by seven o’clock. There was also proof that this stone had been in this location for over two weeks. On behalf of the defendant it was proved that the sidewalk in front of Nos. 609, 611 and 613 Second avenue needed repairs; that prior to October 24, 1902, a firm of contractors was employed by the owners of the abutting property to make the necessary repairs; that a contract was made about November fourth, and the repairs were finished about the fifteenth of November; that these contractors were working in this immediate vicinity during the whole of the month of October. The contractors testified that before they ripped up the sidewalk two flags were crooked, but the rest of the sidewalk was in fair condition; that the new sidewalk was made of asphalt and-the old stones were removed. Two.of the police officers on the beat testified that several stones were broken, so that there was a slight depression, but there was not *902 a loóse flagstone on the sidewalk and this was corroborated by other witnesses for the defendant. After the testimony was all. in the defendant, moved to dismiss the complaint upon the ground that the evidence would not justify ax finding that the plaintiff was free from, contributory negligence or that' the defendant was negligent. This motion was denied and the defendant excepted. Thereupon the court submitted the question to the j ury who found a verdict for the plaintiff for $2,000, and from the judgment , entered thereon this appeal is' taken. I have considerable doubt as to whether the evidence justified the finding that the defendant was negligent. The sidewalk having become out of repair the owner of the property had determined to replace the flagging with asphalt pavement. A firm of contractors had been, employed to do the work, had taken the measurements,, and shortly after the accident made.a contract to do-the -work. As the work of ripping up the old- pavement did not commence until after the accident,-a flagstone, on the pavement could not have come from, tho’ existing pavement arid, the new pavement was not to be of flagstones, but an asphalt pavement. At the time of the accident it. appeared that, workmen were engaged'in repairing the building;in front of which the plaintiff fell, It was1 primarily the duty of the owner of the ad j oining property to keep in repair the i sidewalk in frónt of the,premises, and I think in considering the duty imposed upon the'defendant there is distinction between the roadway and the part of the ' "street maintained by the city and the sidewalks that it is primarily the duty of the owners .of the abutting property to keep in repair. Of course, the city is bound-to see to it that thé sidewalks, as well as the streets, are reasonably safe ’ for the public, but it is manifestly impossible.-for a municipality to prevent any obstruction from being placed upon a sidewalk while an adjoining building is in course of repair. Whatever the obstruction was that caused the plaintiff, to .fall it would seem a reasonable conclusion that this condition was caused by the ■ repairs being made to the building, and I do not think that it can be said that the" city is negligent because the owners of the building obstruct the sidewalk white making repairs to an abutting building and the sidewalk. The primary duty of the city in regard to the streets and their general condition is to make' the necessary repairs so as to keep the streets in a safe condition, and for a neglect of that duty the municipality, is liable. When the owners of, the property undertake to repair their-premises and the'sidewalk in front thereof the duty of the city during such temporary repairs is -somewhat different in relation to the sidewallc and the roadway, the obligation of the city merely being to use reasonable care under the conditions as they from time tó time exist. I do not think that the mere fact that the sidewalk is more or less obstructed for a period of two weeks while the work upon the adjoining premises was going on, imposes upon the city a liability for injury caused by such obstruction. However, as the defendant does not take the point that there was no evidence of contributory negligence and as I think that .the evidence as it stands does not j ustify a finding that the plaintiff-was free from' contributory negligence, it is not necessary to- determine the question. . According 'to the plaintiff’s" testimony, he was walking along this sidewalk in a hurry to get to his work. He was familiar with this locality, passing it almost every morning. As he came in front of this building he saw persons approacb *903 ing and turned to the right, stubbed his toe upon a stone and fell. This stone was about a foot and a half from the curb. It was bright daylight, nothing to prevent his seeing the. stone, and if he had looked where he was going when he turned towards the curb, he must have seen it. He does not testify whether or not he looked to see where he was going, or if there was any obstruction on the sidewalk, but he says he did not see the stone, and the inference must be that ás he did not see it, he did not look. There was no evidence that there was a crowd upon the sidewalk, or that anything distracted his attention, or prevented him from seeing the obstruction, whatever it was, and under such circumstances the case seems to be controlled by the case of Whalen v. Citizens’ Gas Light Co. (151 N. Y. 70). In that case the plaintiff, while walking along the street, tripped on a flagstone and sustained injuries for which she sought to recover. It appeared that the defendant was engaged in laying a gas pipe across the sidewalk in Court street in the city of Brooklyn, connecting its gas main in that street with the premises on the corner; that it had obtained the consent of the city authorities to remove the flagstones of the sidewalk, and it caused a flagstone next to the building to be removed and placed upon an adjoining flagstone upon' the walk; that the space between the two openings was about five feet; that while the walk was in this condition the plaintiff fell upon it, sustaining the injuries to recover for which the action was brought. The accident happened about a quarter before eleven o’clock in the forenoon. The plaintiff testified that her eyesight was very good and that she did not notice the flagstone or the excavation beside it as she went near the place where she fell; that she was looking along the street as she walked. In holding that the plaintiff was guilty of contributory negligence, the court said: “ It is the well-settled law of this State that, in actions of this character, the absence of negligence on the part of the plaintiff contributing to the injury must be affirmatively'shown by the plaintiff, and that no presumption of freedom from such negligence arises from the mere happening of an injury. * * * If this law is to be recognized and followed we are unable to see how this judgment can be sustained; for to hold otherwise would practically overrule and annul the rule of contributory negligence. As we have seen, it was a bright day and about eleven o'clock in the forenoon. The obstacle over which the plaintiff fell was a large flagstone over four feet in length and three in breadth. There was nothing to obscure her vision; her eyesight was good and she could see as she was walking along the walk. It is not pre^ tended that anything occurred that momentarily obstructed her vision and it is difficult to conceive how she could have avoided seeing the obstacle unless she was heedlessly proceeding in utter disregard of .the precautions usually taken by careful and prudent people, • * * * ‘ The presumption which a wayfarer may indulge, that the streets of a city are safe and which excuses him from maintaining a vigilant outlook for dangers and defects, has no application where the danger is known and obvious.’ ” I do not find that this case has been questioned, or in any way overruled. The same principle was applied in Strutt v. Brooklyn & R. B. R. R. Co. (18 App. Div. 184) and in Dubois v. City of Kingston (102 N. Y, 219), where the court says: “It may also be remarked that the evidence of the plaintiff tended strictly to show that he was chargeable with. *904 ■negligence which contributed to the injury. There was abuhdantroom for him to pass by the stepping stone without running against it: A'very small portion of the end. of the stone. upon which he fell obstructed the sidewalk, and'being ■well acquainted with the locality, had he been, careful in exercising his faculties he could have avoided.the accident.' In not doing so he was clearly negligent.” .It is not claimed here that any other person in the street obstructed the: plaintiff ’s view. I-IiS testimony is that .seeing persons approaching he turned to the right, ■towards the curb, and thus brought himself in. proximity with this alleged obstruction, which was a foot or a foot and á half from the curb. I can see no .distinction between this case and the Whalen case-, which -seems to impose Upon a person some'care when walking along-a sidewalk to look out for obstructions; and in the absence of some evidence to show that an effort, at least, was made to see the obstruction, and when, if such effort had been made, the obstruction would have been apparent and could have been avoided, a verdict that a person injured was free'from contributory negligence cannot be sustained. • It follows ■that the judgment and order appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event. McLaughlin,, J., concurred,' ' •