(119 App. Div. 100)

MAYHOOD v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. April 19, 1907.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—INJURY TO PEDESTRIAN —PROXIMATE CAUSE.
  Where a flagstone sidewalk for a considerable distance where plaintiff fell was broken and defective, and there were depressions and holes, and where she fell one set of flags across the sidewalk was higher than the adjoining set, and as she slipped on a piece of ice her foot was caused to go into a hole up to her ankle, and she was thrown and injured, it cannot be said as a matter of law that the ice proximately caused her fall.
  [Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1753.]

2. SAME—PEDESTRIAN'S KNOWLEDGE OF DEFECT.
  In an action against a city for injury to a pedestrian caused by a defective sidewalk, that she was familiar with the place and knew it to be dangerous did not warrant a nonsuit.
  [Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1677, 1755.]

Appeal from Trial Term, Kings County.

Action by Ida S. Mayhood against the city of New York. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

Robert Stewart (Ralph G. Barclay, on the brief), for appellant.
James D. Bell (James W. Covert, on the brief), for respondent.

GAYNOR, J. The case presented by the plaintiff was very much lacking in precision; but still the jury could have found that the flag sidewalk for a considerable distance where she fell was broken and defective; that there were depressions and holes; that where she fell one set of flags across the sidewalk were higher than the adjoining set; that as she slipped to some extent on a piece of ice her foot was

caused to go into a hole up to her ankle, and that the going of her foot into the hole threw her down and hurt her. It cannot be said as matter of law that the ice was the proximate cause, for it was at least a question of fact whether it was the ice which caused her to fall. Nor was the fact that she was familiar with the place and knew it to be dangerous sufficient to justify the nonsuit. The fact that one goes over a defective sidewalk is not negligence as matter of law. Bullock v. Mayor, etc., 99 N. Y. 654, 2 N. E. 1; Pomfrey v. Village of Saratoga Springs, 104 N. Y. 459, 11 N. E. 43. The case of a street torn up for repair, and littered (Whalen v. Citizens' Gaslight Co., 151 N. Y. 70, 45 N. E. 363), or where a person deliberately steps on a dangerous obstruction or defect (Weston v. City of Troy, 139 N. Y. 281, 34 N. E. 780), is entirely different. If one walks through such litter, or knowingly and intentionally steps on a dangerous place, he takes the risk. It is not here intimated that this plaintiff was careful, or that the street was dangerously defective; these are questions of fact for the new trial.

The judgment should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.