## FITZGERALD v. DEGNON CONTRACTING CO.

(Supreme Court, Appellate Division, Second Department.   May 8, 1908.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—CONTRIBUTORY NEGLIGENCE.

One who, walking along a sidewalk in the daytime, steps from a flag thereof into the depression caused· by temporary removal of the adjoining flag for the purpose of putting a cinder foundation under it, is negligent; the condition being obvious.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1678.]

2. SAME—NEGLIGENCE.

Persons engaged in the necessary and lawful work of repairing the sidewalk are not negligent in taking up a flag thereof to put cinders under it, leaving a depression, into which one steps in the daytime.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1624, 1625, 1653–1659.]

Appeal from Municipal Court of City of New York.

Action by Hannah Fitzgerald against the Degnon Contracting Company.   From a judgment for plaintiff, defendant appeals.   Reversed, and new trial ordered.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Allen E. Brosmith, for appellant.

James M. Seaman, for respondent.

GAYNOR, J.   The tunnel recently built under the East river from the borough of Queens to the borough of Manhattan ran under Fourth street in the former borough.   The defendant was restoring the surface of the street after the tunnel was completed.   The street was dug up and littered.   Teams had to go on the sidewalk on account of the broken and littered condition of the roadway.   The defendant was engaged under contract with the tunnel company in restoring the street.   It was taking up the flag sidewalk and relaying it.   The plaintiff came along where the workmen had taken a flag up and were putting down a foundation of cinders under it to relay it.   She walked from the adjoining flag into the depression caused by the temporary removal of the flag and fell.   It was in the ,daytime.   Judgment should have been given for the defendant.   The condition of the street was obvious, and it was for her to take care.   Whalen v. Citizens' Gaslight Co., 151 N. Y. 70, 45 N. E. 363; Walsh v. Central N. Y. Tel. & Tel. Co., 176 N. Y. 163, 68 N. E. 146.   The defendants were engaged in a necessary ,and lawful work and were guilty of no negligence.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event.   All concur.