RASHKOFF v. ERIE R. CO.

(Supreme Court, Appellate Division, First Department. December 30, 1910.)

1. RAILROADS (§ 282*)—INJURY TO LICENSEE—NEGLIGENCE IN PILING FREIGHT —QUESTION FOR JURY.

In an action by a servant of a shipper against a carrier for injuries received while loading merchandise, evidence *held* sufficient to show a prima facie case of negligence of defendant in piling its freight.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 914; Dec. Dig. § 282.*]

2. RAILROADS (§ 278*)—INJURY TO LICENSEE—PERSON LOADING FREIGHT— CONTRIBUTORY NEGLIGENCE.

If the servant of the shipper engaged in hauling freight from the carrier's premises knew, or should have known, that a pile of freight was likely to fall at any moment, and then unnecessarily went into a passageway where he was likely to be injured, his contributory negligence would defeat recovery for injuries received.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 891–900; Dec. Dig. § 278.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. RAILROADS (§ 282*)—INJURY TO LICENSEE—PERSON HAULING FREIGHT—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action by a servant of a shipper for injuries from falling freight, negligently piled by defendant's servants, *held*, that plaintiff's negligence was a question for the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 918; Dec. Dig. § 282.*]

Ingraham, P. J., and McLaughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Hyman Rashkoff against the Erie Railroad Company. From a judgment dismissing the complaint under direction of the trial justice and from an order denying the motion for new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Joseph Gans, for appellant.
William C. Cannon (Frederick B. Jennings, on the brief), for respondent.

LAUGHLIN, J. The nonsuit was granted, not at the close of the plaintiff's case, but apparently before the close of his own testimony. Evidently the learned trial justice became convinced that it would be his duty to dismiss the complaint, and that therefore it was to the interest of the plaintiff to confine the record to the narrowest limits possible. Counsel for the plaintiff excepted to the dismissal of the complaint, but does not appear to have claimed to be able to produce other evidence to supply any omission in the case as made by the testimony of the plaintiff with respect to his freedom from contributory negligence and to the negligence of the defendant. The course of procedure on the trial in this case is one fraught with grave danger to a plaintiff unless great caution is exercised; but we cannot say that the plaintiff was deprived of an opportunity of presenting any material evidence to supply any omission, if there were any, in his case.

We are of opinion, however, that the inferences to be drawn from the testimony of the plaintiff, both with respect to his freedom from contributory negligence and to the negligence of the defendant, were questions of fact which required that the case be submitted to the jury.

The case as presented by the complaint is that defendant is a common carrier of goods, wares, and merchandise, and was lawfully in possession of Pier No. 21 near the foot of Duane street, which it used for storing merchandise for delivery to its customers; that through its servants, agents, and employés it had negligently piled great quantities of merchandise in bags in high piles on said pier without taking any precaution to guard against their falling; that on or about the 11th day of December, 1908, plaintiff was lawfully on said pier engaged in helping to load certain merchandise on a wagon; and that without fault or negligence on his part a pile of bags so

negligently piled fell upon and injured him, by which he sustained certain damages to recover for which the action is brought. The case as made by his testimony follows the allegations of the complaint and tends to sustain them. He was in the employ of a firm of wholesale grocers by whom he was sent to defendant's dock for ten bags of barley which had been shipped to his employers over the defendant's line. He was accompanied by another employé of the firm and they had a wagon. On arriving at the pier, he gave the defendant's shipping clerk an order for the barley, and the shipping clerk pointed it out to him and told him to go and take it. The barley was in a low pile three or four bags high. Plaintiff had frequently obtained freight at the pier before and was known to the shipping clerk. Alongside of the barley which the plaintiff was to take was another and a larger pile of bags about one foot in thickness and piled fourteen or fifteen feet or bags high, piled one on top of another, all extending in the same direction or on parallel lines. Between the two piles of bags there was a space forming an open passageway a little wider than the length of a bag. The evidence with respect to the length of the pile is somewhat indefinite, having been indicated by the distance between the bench and the window in the courtroom, and the width of the pile was indicated to be about the same. It does not clearly appear whether the sides or the ends of the bags were toward the open space or passageway between them; but I think it is to be inferred that the ends of the bags in both piles were toward it. Plaintiff testified that during his three years' experience in the wholesale grocery business he often piled bags, making high piles of them; and that, in order to make a pile secure against falling, they are generally piled two bags crosswise and then two bags lengthwise, and so on up. He illustrated another method of locking the bags in piling them, to prevent their falling, which is not described in the record, and he testified that he observed that the bags in the high pile were not locked or secured in any manner and were merely piled one on top of another.

The plaintiff further testified that the wagon was driven within four feet of the pile of barley; that after his coemployé had taken two bags of barley and he had taken one to the wagon and was standing in the open space between the two piles bending forward in the act of taking his second bag, but before he had straightened up with it, the other pile fell over on him, striking him in the back of the head and crushing his abdomen against the small pile from which he was taking the barley and rendering him unconscious. It is to be inferred from his testimony that the shipping clerk of the defendant was present, for, after stating his interview with the shipping clerk and how near the wagon was to the pile of barley, he was asked, "You were all there on the dock?" and he answered, "Yes, sir"; and he says that the shipping clerk helped to remove the bags which had fallen on him. It further appears that they had been working there only about two minutes when the accident occurred. The plaintiff concedes that he observed the manner in which bags in the larger pile were piled, that he knew that they were improperly piled for

such a high pile, and that there was danger that bags piled in such manner would fall. The plaintiff was not specifically asked whether, in standing in the opening between the two piles of bags and bending over to shoulder the bag, any part of his body or the bag came in contact with the pile of bags behind him which fell; but it might be found from his testimony as recorded in the record now before the court that the larger pile fell without being touched or interfered with by him and owing to the fact that it was improperly and negligently piled.

It requires no argument to show that the plaintiff presented a prima facie case of negligence on the part of the defendant.

It is contended, however, that he failed to show freedom from contributory negligence, and that he was guilty of contributory negligence in going between the two piles of bags. It is agreed that he should have taken the bags from the end of the pile which was toward the wagon. It does not appear that this could have been done, for it is not shown that the space at the end of the pile was open or unobstructed. In taking bags from the pile, plaintiff approached from the ends of the bags which were toward the open space between the two piles, and, if he lifted it without touching the larger pile of bags, it cannot be said as a matter of law that knowledge acquired by the plaintiff in a casual glance at the larger pile of bags, from which he discovered the manner in which it was piled, conveyed to him knowledge that the pile would be liable to fall while he would be engaged in removing the barley. He knew that the larger pile was not properly piled to secure it against falling, and perhaps he was therefore chargeable with notice that, if it were touched or jarred, it might fall; but he found it standing there on the defendant's premises where he was required to go in the performance of his duties, and by invitation of the defendant he was working in the presence of the defendant's representative in charge of the freight on the pier. Of course, if he knew, or should have known, that the pile of bags was likely to fall at any moment, and then unnecessarily went into the passageway to remove the bags, instead of taking them from the end of the pile towards the wagon or from the other side if that could have been done, which does not appear, then doubtless he could not recover. Whalen v. Citizens' Gas. Co., 151 N. Y. 70, 45 N. E. 363; Downes v. Elmira Bridge Co., 179 N. Y. 136, 71 N. E. 743. But, as already observed, that involves inferences which were for the jury. In the circumstances, the plaintiff having had a duty to perform for his employers, and it being the duty of the defendant to exercise proper care in piling freight on this pier, and the freight having been so left on the pier by the defendant that those who would call for it would naturally go where the plaintiff did to take it and where they were virtually invited for that purpose, it cannot be said as a matter of law that plaintiff was guilty of contributory negligence in proceeding to take the barley in the customary and convenient way in the presence of the defendant's shipping clerk and without warning from him, unless he knew, or should have known from his own observation, that he was thereby placing

himself in imminent danger, and this he disavows, for he testified that he did not know that the pile of bags was liable to fall on him. Bunn v. Ballantyne, 5 App. Div. 483, 38 N. Y. Supp. 1102; 7 Am. & Eng. Enc. of Law (2d Ed.) 392; Smith on Negligence (1st Am. Ed. from 2d Eng. Ed.) pp. 88, 89, 158, 186. See, also, Pomfrey v. Village of Saratoga Spgs., 104 N. Y. 459, 11 N. E. 43; Bullock v. Mayor, 99 N. Y. 654, 2 N. E. 1; Peil v. Reinhart, 127 N. Y. 381, 27 N. E. 1077, 12 L. R. A. 843; and Dollard v. Roberts, 130 N. Y. 269, 29 N. E. 104, 14 L. R. A. 238.

It follows, therefore, that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

CLARKE and SCOTT, JJ., concur.

INGRAHAM, P. J. (dissenting). I dissent upon the ground that the proximate cause of the accident was plaintiff's placing himself alongside one of these piles of bags that he testified he saw were improperly piled and in a dangerous condition. There was no evidence to show that to perform the duties required of him it was necessary to place himself between two piles of these bags. Plaintiff himself testified that he observed that the bags in the high piles were not locked or secured in any manner, but were merely piled one on top of another. It does not appear that he was directed by the shipping clerk or any of the defendant's employés to place himself in this situation and, having knowledge, as he himself expressly testifies, as to the manner in which these bags were piled, and knowing from his former experience how the bags should be piled to make them secure, it was contributory negligence to place himself in such a position that the bags were liable to fall upon him, when nothing appeared to show that he was required in the proper discharge of his duties to place himself in such a position.

I think, therefore, the judgment should be affirmed.

McLAUGHLIN, J., concurs.