Mario Pittoni, J.
The plaintiffs move for an order pursuant to rule 113 of the Rules of Civil Practice striking out the answer, and for summary judgment in favor of the plaintiffs.
*546 It appears that the defendant was doing construction work pursuant to a contract with the County of Nassau, widening Franklin Avenue in Franklin Square. This necessitated the construction of a ramp from the existing sidewalk to the street for pedestrian traffic. This ramp was made of dirt, and was 4 feet wide and 15 to 20 feet long.
The plaintiffs’ affidavit concerning the occurrence of the injury merely states “when, as a pedestrian lawfully passing along the public sidewalk, I was caused to trip and fall by reason of my foot having become entrapped in a hump-backed, dirt filled ramp ”. The defendant’s affidavits state that none of the defendant’s employees saw the occurrence; however, the defendant does use in opposition the examination before trial of the plaintiff. She stated that she was injured at a time when it was clear daylight; that she was familiar with the area, having been there five days before, at which time it was so barricaded that she had to walk in a gutter; that there were no barracados on the day of the accident and that she observed this while 25 feet away from the ramp; that she was looking ahead as she walked but that at no time did she look on the ground as she approached the area where the accident occurred; that after she walked several steps in the dirt ramp something underneath her caught her leg, made her fall, and she became unconscious; that when she came to, she ‘ ‘ saw this hole ’ ’ and figured that was what caused the fall; that she then looked at the area and saw a lot of holes in the ramp, maybe a dozen, the bigger ones being three inches deep and three or four inches wide, with slanting sides, “something like a mud puddle”; that she did not know in which hole her foot was.
On the basis of the plaintiff’s own statement, the motion for summary judgment must be denied. (Weston v. City of Troy, 139 N. Y. 281, 283; Whalen v. Citizens’ Gas Light Co., 151 N. Y. 70, 73; McFarlane v. City of Niagara Falls, 247 N. Y. 340, 346.) In fact, the present case is similar to a leading case in which summary judgment was denied. (Wieder v. Meehan, 288 N. Y. 705.)
Therefore, since there are triable issues as to whether the condition of the ramp showed negligence by the defendant as to the manner in which the plaintiff was injured; and as to whether the plaintiff was guilty of contributory negligence, there are triable issues of fact, and the motion for summary judgment must be denied. (Sillman v. Twentieth Century-Fox, 3 N Y 2d 395, 404.)
Motion denied.