■ RAY FRIEDMAN, Respondent, v. CITY OF NEW YORK, Respondent-Appellant, and MAC ASPHALT CONSTRUCTION CORP., Appellant.— Judgment of the Supreme Court, Kings County, dated November 30, 1966, reversed, on the law and facts, with one bill of costs to appellants jointly, and complaint and cross complaint dismissed. The undisputed evidence shows that plaintiff was injured when, fully conscious of the risk involved in stepping over an obvious sidewalk excavation, she nevertheless unsuccessfully attempted to do so though an alternate way, earlier used by her, had provided a safe course across the roadway over which she was required to travel en route to her home. In our opinion, plaintiff was thus contributorily negligent as a matter of law (*Nucci* v. *Warshaw Constr. Corp.*, 12 N Y 2d 16; *Townes* v. *Park Motor Sales,* 7 A D 2d 109; *Utica Mut. Ins. Co.* v. *Amsterdam Color Works,* 284 App. Div. 376; cf. *Whalen* v. *Citizens' Gas Light Co.*, 151 N. Y. 70). Beldock, P. J., Christ, Brennan, Hopkins and Munder, JJ., concur.

■ MARTIN GREENBERG, Respondent-Appellant, v. PAULA GREENBERG, Appellant-Respondent, et al., Defendants.— Order of the Supreme Court, Nassau County, entered December 16, 1966, modified, on the law, by adding thereto provisions that the third affirmative defense in defendant Paula Greenberg's answer is dismissed and that plaintiff's motion is further granted insofar as it was for appointment of a Referee to ascertain the respective rights of the parties in the property. As so modified, order affirmed insofar as appealed from, without costs. Action remitted to the Special Term for further proceedings not inconsistent herewith. No questions of fact were considered on these appeals. In our opinion, the third affirmative defense is insufficient in law as a defense to an action in partition by a tenant in common. Accordingly, a reference should be directed to ascertain the rights of the respective parties (Real Property Actions and Proceedings Law, § 911). Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.