WILLIAMS v. VILLAGE OF PORT LEYDEN.

(Supreme Court, Appellate Division, Fourth Department. June 19, 1901.)

DEFECTIVE SIDEWALKS—EVIDENCE—CONTRIBUTORY NEGLIGENCE.
Plaintiff fell off a sidewalk which crossed a creek and was elevated four feet above the stream. The sidewalk was four feet wide, and the guard rail on one side had been off for two years, and on the other side the railing deflected inward, though leaving enough space for a person to pass along. Plaintiff was passing on the walk, when her companion said that some men were scaring plaintiff's dog. She turned, and walked off the bridge where there was no railing. It was daylight, and plaintiff had often crossed the bridge. *Held*, that plaintiff was guilty of contributory negligence which precluded a recovery.

Appeal from trial term, Lewis county.

Action by Hattie Williams against the village of Port Leyden. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

Thomas S. Jones, for appellant.
C. S. Mereness, for respondent.

SPRING, J. The judgment and order in this case must be reversed. The action is to recover damages for injuries sustained by

the plaintiff in falling from a sidewalk in the village of Port Leyden. The sidewalk in question crossed a creek known as "Cold Brook," and was elevated above the bed of the stream about four feet. The walk was four feet in width, and originally had a guard rail along each side. On one side this had been off for over two years, and the railing on the opposite side deflected inward, narrowing the space for the traveling public, although there was ample room for a person to walk along. This condition of things justified the jury in finding that the defendant was guilty of the negligence charged in the complaint. The difficulty with the plaintiff's case is her own want of caution. On the 7th day of November, 1899, the plaintiff, with a lady companion, was passing over this footbridge. The plaintiff's dog had been following them, and this companion told the plaintiff, as they were going upon the bridge, that some men in the street were scaring the dog. Plaintiff apparently gave no heed to this remark until they were nearly across, when she turned her head to see the dog, and walked off the bridge where there was no railing, falling on the stones in the creek, and receiving serious injuries. It was in daylight, a clear day, and the plaintiff had often crossed the bridge, was familiar with the surroundings, and the absence of the railing was obvious. Her own want of caution, therefore, contributed to the accident, and prevents her recovery. Whalen v. Light Co., 151 N. Y. 70, 45 N. E. 363. In commenting upon the necessity of plaintiff showing affirmatively the absence of contributory negligence, the court in that case says (page 73, 151 N. Y., and page 364, 45 N. E.): "If this law is to be recognized and followed, we are unable to see how this judgment can be sustained; for to hold otherwise would practically overrule and annul the rule of contributory negligence." While a traveler passing along the sidewalk can ordinarily indulge the presumption that the way is reasonably safe, the rule does not obtain where the dangerous condition is obvious, and known to the wayfarer. Weston v. City of Troy, 139 N. Y. 281, 34 N. E. 780. The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.