Legislature intended to abrogate the effect of that title by the subsequent amendments of the same act. The extensions of time granted by amendments to the general railroad law enacted since 1898 can hardly have been designed to revive franchises already dead by reason of the operation of a self-executing general statute.

The order of the Special Term should be affirmed.

**Order affirmed, with $10 costs and disbursements. All concur.**

---

(105 App. Div. 362.)

### KEATING v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. June 9, 1905.)

1. STREET RAILWAYS—DEFECT BETWEEN TRACKS—INJURY TO PEDESTRIAN—NEGLIGENCE.

Merely because there was a large knothole in a board constituting part of the temporary crossing where a street railway company had the street torn up between its tracks, whereby a pedestrian was injured, does not show that it was negligent; it not being shown that it put the board there, or that it had knowledge of the defect, or that the board had been there long enough to give it notice.

2. SAME—CONTRIBUTORY NEGLIGENCE.

A pedestrian injured by stepping into a knothole in a board in a temporary crossing, where a street railway company had the street between its tracks torn up, must, to show freedom from contributory negligence, show that she took precautions to observe the condition of the temporary crossing, of which she had knowledge.

Appeal from Trial Term, New York County.

Action by Agnes Keating against the Metropolitan Street Railway Company. From an order setting aside a verdict for defendant and granting a new trial, defendant appeals. Reversed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Bayard H. Ames, for appellant.

William West Shaw, for respondent.

O'BRIEN, J. This action is brought to recover damages for personal injuries alleged to have been sustained by plaintiff through the negligence of the defendant in failing to keep in a safe and proper condition the surface of the roadway between and adjacent to its tracks. The jury rendered a verdict in favor of the defendant, which the court set aside as against the weight of evidence, and the appeal is taken from the order entered to that effect.

We are of opinion that this order must be reversed. Not only does the record before us fail to show any facts from which the jury could have found negligence on the part of the defendant, but the verdict is also justified on the ground that the plaintiff was not shown to have been free from contributory negligence.

The only evidence as to the accident, or the situation existing at the time it happened, was given by the plaintiff herself, who testified that at about dusk she started to cross Seventh avenue at Thirty-Fifth street, and observed that the surface of the roadway

was torn up, and boards were placed across it as a temporary passageway for teams and pedestrians; that in crossing these boards her foot caught in a knothole about six inches long and three inches wide in one of the boards; and that she was thereby thrown to the ground and injured. It did not appear that the defendant placed the boards where they were, and the only evidence tending in any way to connect it with the existing situation was a permit issued to it by the city to open the street at that point; and the concession made by its counsel at the trial that it "had a license to open" the street, and did open it, and had practically finished the work, and the asphalt company was laying the asphalt at the time" of the accident. The company assumed the duty, imposed on it by law, when it engaged in work upon a public street, of keeping that street in a reasonably safe condition while the work was in progress, whether it was actualy performing that work itself, or had contracted with another party to perform it. That duty it owed to the public, and its liability existed even though the specific act complained of might have been committed by the independent contractor. Deming v. Terminal R. R. of Buffalo, 169 N. Y. 1, 61 N. E. 983, 88 Am. St. Rep. 521; Turner v. City of Newburgh, 109 N. Y. 301, 16 N. E. 344, 4 Am. St. Rep. 453; Schiverea v. Brooklyn H. R. R., 89 App. Div. 340, 85 N. Y. Supp. 902; Ann v. Herter, 79 App. Div. 6, 79 N. Y. Supp. 825; Murphy v. Perlstein, 73 App. Div. 256, 76 N. Y. Supp. 657; Wolf v. Third Ave. R. Co., 67 App. Div. 605, 74 N. Y. Supp. 336. But there is nothing in the present case to show a failure on the part of the defendant to perform that duty. It cannot be contended that the method adopted for providing a temporary passageway across the street at this point was an improper one, or that the general construction was unsafe or dangerous. Nor does that matter have any bearing upon defendant's liability, because the accident was not caused by a defect in the plan or general construction of the temporary covering of the street, but solely by a knothole which existed in one of the planks used. As already indicated, it was not established that the defendant itself put the planks where they were, nor was it shown for how long the particular defect which caused the injury had existed prior to the time when the accident happened. In other words, there was no evidence from which the jury could have found that the defendant was responsible for the defect, or that it had either actual or constructive notice of its existence, and in this condition of the proof certainly no negligence on the part of the defendant was established. Kelly v. Otterstedt, 80 App. Div. 398, 80 N. Y. Supp. 1008; O'Reilly v. L. I. R. R., 4 App. Div. 139, 38 N. Y. Supp. 779; Walsh v. Cen. Tel. Co., 176 N. Y. 163, 68 N. E. 146.

Nor does the evidence establish that the plaintiff was free from contributory negligence. Doubtless, in the absence of any information or notice to the contrary, she, as a traveler upon the street, had the right to assume that all parts of it were reasonably safe and secure; but when she had been apprised, as she was, that the permanent surface of the highway at this point had been disturbed, and a temporary structure supplied in its place, she could not

heedlessly disregard the precautions which the obvious situation suggested, and proceed as though the roadway were free and unobstructed. Whalen v. Citizens' G. L. Co., 151 N. Y. 70, 45 N. E. 363; Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401; Weston v. City of Troy, 139 N. Y. 281, 34 N. E. 780; Coolidge v. City of New York, 99 App. Div. 175, 90 N. Y. Supp. 1078; Williams v. Village of Pt. Leyden, 62 App. Div. 490, 70 N. Y. Supp. 1100.

The rule has been well expressed in Nolan v. King, 97 N. Y. 565, 49 Am. Rep. 561, as follows:

"It is not to be expected and cannot be required that the temporary covering shall equal in safety and convenience the sidewalk removed, or that passengers may cross with as little heed and care as' upon the completed pavement. * * * But if the builder opens his covering to the passage of the public, although only as a temporary substitute, he must be deemed to declare it safe and free from peril to persons crossing with such ordinary prudence and care as the presence of the temporary structure requires; and so he must build it with so much care and skill and prudence as will reasonably protect the passers from peril, and enable them, with some ordinary attention to their steps, to pass it with safety."

No presumption arises from the mere happening of the accident; nor, upon proof of negligence on the part of the defendant, can it be presumed that plaintiff was free from blame. Weston v. Troy, supra; Reynolds v. N. Y. City, 58 N. Y. 248. She was bound to establish affirmatively that she used care and caution which an ordinarily prudent person would have used under the conditions which were shown to have existed. She knew that the roadway had been torn up, yet it does not appear that she took any precautions whatsoever to observe the condition of the temporary covering which had been placed over it. There is no evidence that she looked at the planks to find out how they were fastened in place, or whether there were any defects in them; and, under such circumstances, the jury might have found that she did not use the care and caution which the situation demanded of an ordinarily prudent person.

For these reasons, we are of the opinion that the verdict was not against the weight of evidence, and therefore the order setting aside the verdict was improper, and it must be reversed and the verdict reinstated, with costs to the appellant.

INGRAHAM and McLAUGHLIN, JJ., concur. HATCH, J., concurs upon last ground.