Report of commissioners vacated and set aside.

---

### WHITE v. STATE.

(Court of Claims of New York. March 13, 1911.)

*(Syllabus by the Court.)*

CANALS (§ 30*)—USE OF FOOTBRIDGE—INJURIES TO PEDESTRIAN—LIABILITY OF STATE.

Where a footbridge over a canal is in process of reconstruction, it is not regarded to be as safe as a completed footbridge; and one using the same will not be permitted to assume that the footbridge is as safe as a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

completed bridge would be, and must exercise reasonable care under the circumstances of its condition.

[Ed. Note.—For other cases, see Canals, Dec. Dig. § 30.*]

Claim of Mary J. White, administratrix of John Watson, against the State of New York. Dismissed.

Costello, Burden, Cooney & Walters, for claimant.

Thos. F. Carmody, Atty. Gen., Frank W. Brown, Deputy Atty. Gen., and M. H. Quirk, Asst. Atty. Gen., for the State.

RODENBECK, J. The claimant's intestate was injured September 30, 1908, on a footbridge over the Oswego Canal at North Salina street in the city of Syracuse. The bridge spanning the canal at this place is a bascule bridge, and was hung up at the time of the accident. It was in process of construction, and during this period there was a footbridge on the east side of the bridge, elevated above the surface of the street, and approached by means of steps. The contract for the construction of the bridge required some adjustment of the existing footbridge to the new conditions. There was an iron railing on the east side of the footbridge, which, however, was not continued down the north steps. In lieu of a railing, a plank about 2 inches by 8 inches had been placed along the edge of the steps. The intestate and a companion were out sight-seeing, and went to the bridge for the purpose of looking it over. As they approached the north end of the footbridge, the intestate called his companion's attention to something on the bridge which was above the level of their heads, and as his companion turned in that direction the intestate fell over the temporary railing, striking on his head and causing his death.

The place at which the intestate fell from the bridge was at the first descending step, where the plank railing would not reach much above his knee. It was not, however, the absence of a sufficient guard rail that caused the intestate's injuries, but his own inattention. He did not stumble over any imperfection. The intestate's companion says that he sort of reached for the rail and fell over, while another witness said that he threw both arms in the air and fell. It seems a reasonable conclusion from all the facts and circumstances that, had the intestate observed such care as was reasonably to be expected under the circumstances, he would not have met with the injuries. While there was a duty resting upon the state to see that the footbridge was in a reasonably safe condition, there was also an obligation on the part of claimant's intestate to use reasonable care. The care which the claimant's intestate was required to observe was to be measured by the conditions. He was familiar with the work that was in progress, could see the footbridge was in process of reconstruction, and it was his duty to use reasonable care in crossing.

The rule applicable to this case is clearly laid down in Nolan v. King, 97 N. Y. 565, 571, 49 Am. Rep. 561. In that case the plaintiff fell while descending the steps of a temporary sidewalk over an excavation for a building. The steps were of unequal height and width, and there was no guard rail at the side. The court charged the jury that the defendant was under obligations to have the bridge so constructed that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the plaintiff would not be subjected to any more personal risk than if the sidewalk had been there, instead of the bridge. This rule the court said was erroneous. Judge Finch, writing the opinion of the Court of Appeals, said:

"It is not to be expected, and cannot be required, that the temporary covering shall equal in safety and convenience the sidewalk removed, or that passengers may cross with as little heed and care as upon the completed pavement, and the duty of the builder is not to be thus measured until his work is done and opened to public passage as a completed sidewalk. The necessities of building involve some inconvenience to the public. Temporarily it must be borne, in view of the other public benefit resulting from freedom of construction, and where it occurs the traveler is bound to observe its presence, and give to his passage some of the care and observation which he may assume to be unnecessary upon the completed sidewalk."

In the case of Keating v. Metropolitan Railway Co., 105 App. Div. 362, 94 N. Y. Supp. 117, the degree of care required in a case like the one at bar is clearly set forth by Mr. Justice O'Brien. In that case a temporary passageway for teams and pedestrians had been constructed across a street, and the plaintiff caught her foot in a knothole in one of the boards of which the passageway was constructed, and was thrown down and injured. The court said that, when the plaintiff observed that the permanent surface of the highway had been replaced by a temporary structure, she could not heedlessly disregard the precautions which the obvious situation suggested, and assume that the highway was as safe as it was in its original condition. The court said (105 App. Div. 365, 94 N. Y. Supp. 119):

"No presumption arises from the mere happening of the accident nor upon proof of negligence on the part of the defendant can it be presumed that plaintiff was free from blame. Weston v. City of Troy, 139 N. Y. 281 [34 N. E. 780]; Reynolds v. N. Y. C. & H. R. R. R. Co., 58 N. Y. 248. She was bound to establish affirmatively that she used care and caution which an ordinarily prudent person would have used under the conditions which were shown to have existed. She knew that the roadway had been torn up, yet it does not appear that she took any precautions whatsoever to observe the condition of the temporary covering which had been placed over it. There is no evidence that she looked at the planks to find out how they were fastened in place, or whether there were any defects in them, and under such circumstances the jury might have found that she did not use the care and caution which the situation demanded of an ordinarily prudent person." Whalen v. Citizens' Gaslight Co., 151 N. Y. 70, 45 N. E. 363; Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401; Weston v. City of Troy, supra; Coolidge v. City of New York, 99 App. Div. 175, 90 N. Y. Supp. 1078; Williams v. Village of Port Leyden, 62 App. Div. 490, 70 N. Y. Supp. 1100.

It does not appear in the case at bar that the claimant's intestate used any precaution in crossing the footbridge. He went there for the purpose of looking over the new bridge, and his attention was undoubtedly directed from the footbridge to the bridge itself. He was under obligations to observe where he was going under the circumstances, and in this claim cannot rely upon the usual rule applicable to permanent sidewalks. The circumstances of the accident, as detailed by the companion of the intestate and other witnesses, do not show the absence of contributory negligence as laid down in the rule in the cases cited, and the claim for that reason should be dismissed.

SWIFT, P. J., and MURRAY, J., concur.