### WHITE v. STATE.

(Supreme Court, Appellate Division, Third Department. March 5, 1913.)

1. BRIDGES (§ 37*)—INDEPENDENT CONTRACTORS—NEGLIGENCE—PARTIES LIABLE.

　　Where the state undertook the construction of a bridge over a canal and railway tracks, and in connection therewith the repair of an elevated footbridge, used when the bridge itself was raised and could not be used, and, to the knowledge of its inspector in charge, the steps leading to the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

elevated footbridge for from two weeks to a month had been without any railing or other adequate protection to pedestrians, it was liable for the death of a person crowded off such steps and killed, although the condition of the steps was due to the negligence of an independent contractor.

[Ed. Note.—For other cases, see Bridges, Cent. Dig. §§ 96, 103–105; Dec. Dig. § 37.*]

2. BRIDGES (§ 46*)—NEGLIGENCE—ACTIONS FOR INJURIES—SUFFICIENCY OF EVIDENCE.

In an action for the death of a pedestrian, crowded off the steps leading to an elevated footbridge over a canal, evidence *held* insufficient to sustain the finding that he was guilty of contributory negligence.

[Ed. Note.—For other cases, see Bridges, Cent. Dig. §§ 108–122; Dec. Dig. § 46.*]

3. APPEAL AND ERROR (§ 717*)—TREATING OPINION AS FINDINGS.

In reviewing a judgment of the Court of Claims, the opinion of the court, in the absence of findings, will be regarded as the court's finding, and as stating the ground for its judgment; it being impossible to procure findings, because the court has since disbanded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2967; Dec. Dig. § 717.*]

Appeal from Court of Claims.

Action by Mary J. White, deceased, against the State. From a judgment dismissing her claim, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, LYON, and HOWARD, JJ.

Costello, Burden, Cooney & Walters, of Syracuse (Oliver D. Burden, of Syracuse, of counsel), for appellant.

Thomas Carmody, Atty. Gen. (Wilbur W. Chambers, of Albany, of counsel), for the State.

SMITH, P. J. Upon September 30, 1908, the claimant's intestate was killed by falling off a footbridge upon North Salina street in the city of Syracuse; this footbridge running over the Oswego Canal and the West Shore Railroad tracks. This bridge was built by the state under chapter 668 of the Laws of 1906, which provided for a contribution to the expenses thereof both by the city of Syracuse and the West Shore Railroad. The question of the liability of the city of Syracuse or the West Shore Railroad is not here for determination. The claim here is against the state, which assumed the task of building this bridge under the aforesaid act.

[1] In the construction of this bridge was contemplated the repair of a footbridge already existing which spanned the canal and the railroad. This bridge was elevated about 7 or 8 feet from the highway and about 11 or 12 feet from the railroad and the banks of the canal. It was mainly for use when the street itself was obstructed by boats passing through the street, and the bridge itself was raised and could not be used. North Salina street is one of the principal streets in Syracuse, and the evidence is to the effect that large numbers passed over this bridge, and that on the day in question the bascule bridge was raised for the purpose of repair, so that all those passing upon

foot were compelled to pass over this footbridge. The footbridge was about 15 feet in width. Upon its side was a handrail which reached up to about the hip, and ordinarily constituted a full protection to those walking upon the bridge. Formerly this handrail had extended down the steps upon either side, and furnished protection for those descending from the footbridge proper. Upon the day in question the plaintiff's intestate was passing over the bridge, and as he reached the further end of the bridge and was about to descend he was seen to put his hand down as though feeling for the rail, and, failing to find the railing there, he lost his balance and fell over upon the heel path of the canal and sustained the injuries which resulted in his death. The preponderance of evidence would seem to show that there were a number upon this bridge at the time, and just at the time he fell a man was passing him with a bicycle upon his shoulder, which naturally would crowd the deceased over to the side of the bridge. This handrail, guarding these steps, had been removed from two weeks to a month. There was in its place a plank, which was sworn to be anywhere from 12 to 20 inches in height at the point in question. The opinion of the Court of Claims states that it was about up to a man's knees. It would seem quite evident that this plank was an insufficient protection to one passing down these steps, in case he were crowded over to the side of the steps, and the condition as it existed was evidently attributable to the negligence of the contractor in charge of the work. This contractor was doing this work under an independent contract, and it is claimed that this act is not the act of the state, and that the doctrine of respondeat superior does not apply. To this extent the claim is probably true. It would seem, however, that if the state were required to furnish a safe way, the condition having existed for from two weeks to a month, known to the state inspector in charge of the work, the state was itself guilty of such negligence as would create a liability upon its part. See Brusso v. City of Buffalo, 90 N. Y. 679, and cases cited. See, also, Rexford v. State, 105 N. Y. 229, 11 N. E. 514.

[2] The claimant has been denied the right to recover, however, apparently upon the ground that her intestate was guilty of contributory negligence. There is evidence to the effect that the attention of the intestate was called to some new construction immediately in the vicinity. As stated before, at the time that he fell, a man with a bicycle over his shoulder was passing him upon the walk. He was thus crowded over to the edge of the walk. He cannot testify as to the situation and as to the care that he has taken, and such witnesses as were there do not seem to have observed accurately what the deceased did, and what care he at that time took to protect himself. If he had been walking along the side of the bridge with a rail on top as his protection, he naturally would reach down for the rail to protect him in descending the steps. We are of the opinion that the finding of the Court of Claims that he was guilty of such negligence as would defeat his right to recover was against the weight of evidence, and that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

[3] The question is raised that this judgment cannot be reviewed for lack of findings. The question has been heretofore raised, but not decided by this court. The court which decided the case has been disbanded, and it would be impossible now to procure such findings. I think under such circumstances we may treat the opinion of the court, in which all concurred, as the finding of the court, and as stating the ground for the denial of relief to the plaintiff.

Judgment reversed, and new trial granted, with costs to appellant to abide the event, on the ground that the finding of the trial court that the plaintiff's intestate was guilty of contributory negligence is against the weight of evidence. All concur.