(84 Misc. Rep. 452)

### MALONEY v. BRADLEY CONTRACTING CO.

(Supreme Court, Appellate Term, First Department. March 5, 1914.)

1. MUNICIPAL CORPORATIONS (§ 809*)—INJURIES TO PERSONS ON STREETS—LIABILITY.

A contractor engaged in building a subway, who tears up the sidewalk and replaces it with boards, while chargeable with knowledge of actual defects in construction, is chargeable only as would be the municipality with implied notice of defects arising thereafter.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1688–1694; Dec. Dig. § 809.*]

2. MUNICIPAL CORPORATIONS (§ 803*)—INJURIES TO PERSONS ON STREETS.

Where unusual or dangerous conditions prevail in a highway where repair work is going on, a pedestrian must exercise such unusual care as the unusual conditions call for.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1673, 1682; Dec. Dig. § 803.*]

3. MUNICIPAL CORPORATIONS (§ 819*)—INJURY TO PERSON ON STREET—EVIDENCE.

In an action against a contractor, engaged in building a subway, for injuries sustained while plaintiff was traveling over a temporary sidewalk laid by the contractor, evidence *held* insufficient to show that the injuries were inflicted as claimed.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1739–1743; Dec. Dig. § 819.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Action by Nora Maloney against the Bradley Contracting Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued February term, 1914, before SEABURY, GUY, and DE-LANY, JJ.

Frederick L. C. Keating, of New York City, for appellant.
Caldwell & Banister, of New York City, for respondent.

GUY, J. Defendant appeals from a judgment in favor of plaintiff for $200, after trial before the court, without a jury.

The action is brought to recover damages for personal injuries which plaintiff alleges were caused by the slipping of a plank over which she was walking, which plank, with four others, she claims to have been laid as a temporary sidewalk in Lexington avenue near 106th street, by defendant, who was engaged at the time in excavation work connected with the construction of part of the subway. Plaintiff testified that as she was walking along said temporary sidewalk, during a rainy day in April, one of the planks slipped, and her foot and leg went down between the planks some 12 inches into a hole which had been excavated beneath said planking, thereby scraping and otherwise injuring her ankle and, in some unexplained manner, injuring her back; that she immediately got upon her feet, walked into the grocery store on the southeast corner of Lexington avenue and 106th street, bought provisions, came out, went back to the place of the accident, and inspected it, then proceeded to 104th street to a shanty occupied by defendant's workmen and there made complaint, then rode north to the quarters of another contractor in 116th street, then walked home to 104th street, and the following day visited a doctor in 127th street. It is clear, from the evidence as to the use she made of her ankle immediately following the accident, that the injury to the ankle must have been very slight. The physician who attended her was not produced as a witness; but about two weeks after the accident she was examined by defendant's physician, who testifies that at that time there was no evidence of any injury whatever to the ankle, and that plaintiff was then suffering from varicose veins and an ulcer above the ankle, neither of which conditions could by any possibility have been due to the accident.

Defendant called four witnesses who testified to statements made by plaintiff immediately after the accident that the accident did not occur by her foot slipping between the planks, but that she tripped on one of the planks. Three of these witnesses testified positively that, at the place pointed out by the plaintiff as the scene of the accident, there was no hole beneath the planks, but that the dirt excavated at that point had been replaced several weeks before the accident, and the planking rested upon and was imbedded in the dirt.

Plaintiff called no witness to corroborate her as to the manner in which the accident happened or as to the place where it happened. Her only witness was one Doyle, manager of the Butler store on that corner, who testified that, after the accident, plaintiff pointed out to him a place where she said it occurred, and that at that place there were five boards lying lengthwise of the sidewalk, "and I think it was the

third board from the outside of the sidewalk that there was a space about the size of a small bar." He did not state whether that space was under the planking or between the third plank and the adjoining plank; but he corroborated defendant's witnesses to the effect that the dirt had all been filled in at that place prior to the accident. The evidence is convincing that there was no hole under the planking at the place of accident, but that, on the contrary, the plank rested upon and was imbedded in the earth, and had been in daily use in such condition for a long period. There is no evidence whatever that the temporary planking was defective in construction or unsafe at the time it was placed there, or that, if any defect existed from which the accident resulted, it had existed for such length of time as to charge defendant with implied notice thereof.

[1] While defendant, if in control, would be chargeable with actual knowledge of a defect in construction, the same principle as to implied notice of a defect arising from use would apply in the case of a contractor as in the case of a municipality. Keating v. Metropolitan St. Ry. Co., 105 App. Div. 362, 94 N. Y. Supp. 117; Dolan v. New York Sanitary Utilization Co., 104 App. Div. 14, 93 N. Y. Supp. 217. There is also uncontradicted evidence that the planking connected with defendant's work was inspected every day by defendant's employés. The evidence is also contradictory as to the exact place where the accident happened, and whether it was under defendant's control. Three of defendant's witnesses, who had full knowledge of the work which was being done in that street by the defendant, testified that defendant's work ended opposite a star on the Butler house 15 feet south of the house line, and that the place pointed out to them by plaintiff as the place of the accident was farther north at a place under the control of another independent contractor.

[2] The proof is also very slight as to plaintiff's freedom from contributory negligence. The rule is well settled that, where unusual or dangerous conditions prevail in a highway where repair work is going on, a pedestrian must exercise such unusual care as the unusual conditions call for. Walsh v. Central N. Y. Tel. & Tel. Co., 176 N. Y. 163, 68 N. E. 146; Scanlon v. City of Watertown, 14 App. Div. 1, 43 N. Y. Supp. 618; Turner v. City of Newburgh, 109 N. Y. 301, 16 N. E. 344, 4 Am. St. Rep. 453. The temporary character of the sidewalk and its defects, if any existed, were plainly visible, and reasonable care on the part of the plaintiff would be such care as would be used by an ordinarily prudent person having in view such conditions.

In Henry v. City of New York, 119 App. Div. 435, 104 N. Y. Supp. 442, Justice Scott, writing for an unanimous court says:

"The evidence of the plaintiff's freedom from contributory negligence was * * * far from satisfactory. She knew that the subway excavation was going on and that the street had been in more or less disorder for some time before the accident. Notwithstanding this, she seems to have proceeded on her way without any particular care and without any attention to her surroundings. Under the circumstances disclosed by the evidence as to the perfectly obvious condition of affairs at or about the point at which the accident happened, the plaintiff was bound to use more than ordinary care to avoid an accident. * * * It does not appear she fulfilled this obligation."

Again, in Keating v. Metropolitan St. Ry. Co., supra, Justice O'Brien writing the opinion, the Appellate Court says, at page 364 of 105 App. Div., at page 118 of 94 N. Y. Supp.:

"But when she had been apprised, as she was, that the permanent surface of the highway at this point had been disturbed and a temporary structure supplied in its place, she could not heedlessly disregard the precautions which the obvious situation suggested and proceed as though the roadway were free and unobstructed."

[3] The evidence also indicates that the extent of plaintiff's injury, resulting from the accident complained of, has been greatly exaggerated. Her statement that the varicose veins and chronic ulcer disclosed ten days later, upon examination by defendant's physician, did not exist prior to the accident seems to be unworthy of credence.

In view, therefore, of the lack of convincing evidence of defendant's negligence and of plaintiff's freedom from contributory negligence, and in view of the very great weight of evidence generally in favor of the defendant, it becomes necessary that the judgment herein should be reversed and a new trial ordered.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.