(86 Misc. Rep. 327)

### McHUGH v. CONSOLIDATED GAS CO. et al.

(City Court of New York, Trial Term.   June, 1914.)

1. MUNICIPAL CORPORATIONS (§ 757*)—SIDEWALKS—ALTERATION—TEMPORARY SIDEWALK.

   A contractor's duty with respect to maintaining a temporary sidewalk while making repairs is the same that attaches to a municipality in caring for its walks generally.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1591–1594; Dec. Dig. § 757.*]

2. MUNICIPAL CORPORATIONS (§ 806*)—DEFECTIVE SIDEWALK—ACTION FOR INJURY—CONTRIBUTORY NEGLIGENCE.

   Plaintiff, a woman, being aware that a subway construction was going on under a sidewalk and of the condition of the temporary sidewalk, etc., tripped over a plank 10 feet long, 2 feet wide, and 2½ inches thick, There was sufficient light for her to have seen the plank, had she looked. Held, that she was guilty of contributory negligence, precluding recovery.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1678, 1682; Dec. Dig. § 806.*]

Action by Margaret McHugh against the Consolidated Gas Company and the Bradley Contracting Company.   Verdict for plaintiff against the Contracting Company.   Motion to set aside the verdict is granted.

P. Henry Delehanty, of New York City (J. W. Hannon, of New York City, of counsel), for plaintiff.

Frederick L. C. Keating, of New York City (George J. Stacy, of New York City, of counsel), for defendant Bradley Contracting Co.

Sherman & Sterling, of New York City (Richard W. Smith, of New York City, of counsel), for defendant Consolidated Gas Co.

FINELITE, J.   The defendant the Bradley Contracting Company moves to set aside the verdict rendered in favor of the plaintiff and against it on the grounds stated in section 999 of the Code of Civil Procedure.   The action was brought by the plaintiff and against the defendants herein to recover damages for alleged injuries received through the negligence and carelessness of the defendants in and about the street and highway of Lexington avenue, at or near 105th street, in the city of New York.

The plaintiff claims that on the 18th day of March, 1912, and prior thereto, the defendants, who were engaged in doing certain construction work under the sidewalk on the northeast corner of Lexington avenue and 105th street, removed the flagstones constituting the sidewalk on said avenue, and placed certain boards along the places where the flagstones were removed, and, in addition thereto, placed in and along the curbstone on said Lexington avenue, and into and around the corner of 105th street, close to the curbstone, a certain gas pipe, 8 inches in diameter, and by reason of defendant the Consolidated Gas Company allowing its gas main to extend 4 inches above the walk at the northeast corner of 105th street and Lexington avenue, and by reason of the defendant the Bradley Contracting Company not having the walk free

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

from incumbrance thereon, the plaintiff, on the evening of the 18th day of March, 1912, was walking on said board walk in company with her family and when she reached at or near the northeast corner of 105th street she tripped over a plank which was laid upon the walk, which plank was 10 feet long, extending easterly into 105th street, 2 feet wide, and about 2½ inches in height, and when her foot struck the inner end of the plank or board she was precipitated over the gas pipe and fell into the street, and received injuries to her knee and side. The defendants, on the other hand, deny that they were guilty of any negligence which in any manner caused the plaintiff to trip and injure herself, as testified to by her.

It appears from the facts herein, as testified to by the plaintiff, that there was sufficient light; a gas lamp being on the opposite corner, which threw its rays onto the walk where the plaintiff was proceeding. The defendant Consolidated Gas Company brought out on cross-examination of the plaintiff that the cause of the injury to the plaintiff was the tripping over the plank at or near the corner of 105th street and Lexington avenue, and not the gas pipe, which was in the highway at or near the curb. It was also testified to by the husband of the plaintiff that that was the manner in which the plaintiff was injured. The facts being insufficient, therefore, to show the Consolidated Gas Company's liability, as the plank on the walk on which the plaintiff stubbed her toe and precipitated herself into the street over the gas pipe, was the proximate cause of the injury, and not the maintenance of the gas pipe in and near the curb of the street, the complaint was dismissed against the defendant the Consolidated Gas Company.

[1] This leaves the question as to the defendant Bradley Contracting Company's liability in maintaining the walk while in the course of the performance of the work underneath said walk for subway purposes, in the condition as claimed by the plaintiff, and whether or not the defendant was guilty of negligence in the maintenance of the walk in the condition as testified to by the plaintiff herein. The plaintiff admitted that while walking along the street she did not look to observe if any obstacle was on the walk where she was proceeding. Therefore the question before the court is whether or not the plaintiff was guilty of contributory negligence, as matter of law, which would deprive her of a recovery herein. The liability in the maintenance of a temporary walk on the public highway and of a flagstone walk by the municipal authorities is equal. It has been held that 2½ inches or more in height of flagging and a depression of more than that in a sidewalk does not constitute actionable defect. As was stated in Hamilton v. City of Buffalo, 173 N. Y. 72, at page 74, 65 N. E. 944, at page 944, where the plaintiff stepped into a depression in a crosswalk, which depression was about 4 inches deep, the court therein said:

"We are of the opinion that the nonsuit was proper. There was a depression in the pavement, and the corners of the two flagstones had been worn into by the wheels of heavy trucks; but the depression or hole, as it has been called, was so slight as not to suggest to the mind of an ordinarily careful and prudent man that it was dangerous."

In Beltz v. City of Yonkers, 148 N. Y. 67, at page 70, 42 N. E. 401, at page 402, there was a depression in a sidewalk where flagstones

were broken off and the broken part removed, the thickness of the flag, 2½ inches, being exposed.  The court said:·

"When the defect is of such a character that reasonable and prudent men may reasonably differ as to whether an accident could or should have been reasonably anticipated from its existence or not, then the case is generally one for the jury; but when, as in this case, the defect is so slight that no careful or prudent man would reasonably anticipate any danger from its existence, but still an accident happens which could have been guarded against by the exercise of extraordinary care and foresight, the question of the defendant's responsibility is one of law."

In Butler v. Village of Oxford, 186 N. Y. 444, at page 447, 79 N. E. 712, at page 713, the surfaces of the stone and the adjoining dirt walk were not flush; the surface being about 2½ inches above the latter in the center and about 5 inches above the outer edge of the walk.· Plaintiff had been attending a circus on a dark and rainy evening, and on her return home stumbled against the projecting edge of the stone and fell.  The court said:

"Weighing the facts here presented, we think it would be altogether too burdensome a rule if we should allow a village like this defendant to be held liable for so insignificant a defect as is here complained of.  The nature of the street and the use of the driveway crossing the walk made it quite natural that the stone walk should not be continued beyond the point where it terminated.  This being so, there was nothing in the slight difference of grade between the stone and the dirt which reasonably should arouse apprehension of danger to travelers."

In Lalor v. City of New York, 208 N. Y. 431, 102 N. E. 558, where a hole into which plaintiff stepped was by actual measurement 4 inches deep, the court in upholding a dismissal of the complaint said:

"There are no circumstances revealed by the evidence which lessen or mitigate the effect of our decisions as authority that as matter of law the existence of the hole, as described by the witness, did not charge the defendant with negligence."

The law has not made a distinction between a municipal authority and a contractor with regard to the performance of work for the benefit of the city, in reference to keeping the sidewalks free from incumbrance while and during the performance of the improvement contracted for.  Therefore there is no distinction between a walk maintained by a contractor over an excavation and a condition of a street supposed to be maintained in reasonable condition for the benefit of the people.  As was said in Carr v. Degnon Contracting Co., 48 Misc. Rep. 532, 96 N. Y. Supp. 277, the court held that:

"The defendant's duty with respect to maintaining the sidewalk in a safe condition was the same that attaches to a municipality in caring for its sidewalks generally; that is to say, it was chargeable with the duty of using reasonable care."

In Nolan v. King, 97 N. Y. 565, 49 Am. Rep. 561, the court said:·

"It is not to be expected, and cannot be required, that the temporary covering shall equal in safety and convenience the sidewalk removed, or that passengers may cross with as little heed and care as upon the completed pavement; and the duty of the builder is not to be thus measured until his work is done, and opened to public passage as a completed sidewalk.  The necessities of building involve some inconvenience to the public, and tempo-

rarily it must be borne, in view of the other public benefit resulting from freedom of construction; and where it occurs the traveler is bound to observe its presence, and give to his passage some of the care and observation which he may assume to be unnecessary when the sidewalk is completed."

· See, to the same effect, Nessler v. N. Y. Housewrecking Co., 156 App. Div. 349, 141 N. Y. Supp. 458; Keating v. Metropolitan Street R. R., 105 App. Div. 364, 94 N. Y. Supp. 118.

In the Keating Case it was an action where plaintiff's foot was caught in a knothole about 6 inches long and 3 inches wide, and the court held that:

"It cannot be contended that the method adopted for providing a temporary passageway across the street at this point was an improper one."

[2] As to the negligence of the plaintiff contributing towards her own injury, under the authorities that I could find, I fail to see wherein the plaintiff has shown her freedom from contributory negligence. She admitted that she knew that the subway was being built, she knew that the temporary planking over the excavation and not the usual sidewalk was present, that there was light and she could see the walk, and yet while walking along with her daughters, when she stubbed her toe against the plank 2½ inches high, that she was going on an ordinary walk and her toe struck the board, she knew the boarded street was there and did not think of the board on top. If there was sufficient light for her to see where she was walking, then there was sufficient light for her to see the plank or board which was on the walk, 10 feet long, 2 feet wide, and 2½ inches high, on which she stubbed her toe and fell. She could have observed this if she had looked and there is no evidence on behalf of the plaintiff that she did anything more than walk along with her two daughters, heedless of the conditions which she knew of and could have seen if she would have put her thoughts upon where she was going. In Henry v. City of New York, 119 App. Div. 435, 104 N. Y. Supp. 442, Justice Scott, in writing for a unanimous court, said:

"The evidence of the plaintiff's freedom from contributory negligence was * * * far from satisfactory. She knew that the subway excavation was going on, and that the street had been in more or less disorder for some time before the accident. Notwithstanding this, she seems to have proceeded on her way without any particular care and without any attention to her surroundings. Under the circumstances disclosed by the evidence as to the perfectly obvious condition of affairs at or about the point at which the accident happened, the plaintiff was bound to use more than ordinary care to avoid an accident. * * * It does not appear that she fulfilled this obligation."

In the Keating Case, supra, 105 App. Div. at page 364, 94 N. Y. Supp. at page 118, Justice O'Brien, writing the opinion, said:

"Nor does the evidence establish that the plaintiff was free from contributory negligence. Doubtless, in the absence of any information or notice to the contrary, she, as a traveler upon the street, had the right to assume that all parts of it were seasonably safe and secure; but when she had been apprised, as she was, that the permanent surface of the highway at this point had been disturbed and a temporary structure supplied in its place, she could not heedlessly disregard the precautions which the obvious situation suggested and proceed as though the roadway were free and unobstructed" (citing at this point Whalen v. Citizens' Gaslight Co., 151 N. Y. 70, 45 N. E. 363;·

Beltz v. City of Yonkers, 148 N. Y. 66, 42 N. E. 401; Coolidge v. City of N. Y., 99 App. Div. 175, 90 N. Y. Supp. 1078; Williams v. Village of Port Legden, 62 App. Div. 490, 70 N. Y. Supp. 1100). "She was bound to establish affirmatively that she used care and caution, which an ordinarily prudent person would have used under the conditions which were shown to have existed. She knew that the roadway had been torn up, yet it does not appear that she took any precautions whatsoever to observe the conditions of the temporary covering which had been placed over it. There is no evidence that she looked at the planks to find out how they were fastened in place, or whether there were any defects in them, and under such circumstances the jury might have found that she did not use the care and caution which the situation demanded of an ordinarily prudent person. The general rule that a person traveling along a city street has the right to assume that the municipal authorities have performed their duty and that the highway is safe has no application when the person using that highway has knowledge of the unusual or dangerous conditions." Scanlon v. City of Watertown, 14 App. Div. 1, 43 N. Y. Supp. 618; Turner v. City of Newburgh, 109 N. Y. 301, 16 N. E. 644, 4 Am. St. Rep. 453; Weston v. City of Troy, 139 N. Y. 281, 34 N. E. 780.

In Maloney v. Bradley Contracting Co., 84 Misc. Rep. 455, 146 N. Y. Supp. 244, May, 1914, the court said:

"The proof is also very slight as to plaintiff's freedom from contributory negligence. The rule is well settled that, where unusual or dangerous conditions prevail in a highway where repair work is going on, a pedestrian must exercise such unusual care as the unusual conditions call for. Walsh v. Central N. Y. Telegraph & Telephone Co., 176 N. Y. 163 [68 N. E. 146]; Scanlon v. City of Watertown, 14 App. Div. 1 [43 N. Y. Supp. 618]; Turner v. City of Newburgh, 109 N. Y. 301 [16 N. E. 644, 4 Am. St. Rep. 453]. The temporary character of the sidewalk and its defects, if any existed, were plainly visible, and reasonable care on the part of the plaintiff would be such care as would be used by an ordinarily prudent person having in view such conditions."

The court in the case at bar charged the jury that it was for them to say whether the plaintiff, being aware of the condition of the walk on that side of the street, knowing the condition thereof and walking along there, whether she used such prudence or foresight as a person would use under the circumstances, knowing the condition of that thoroughfare; that if they should find from the evidence that she failed to use such prudence and care as an ordinary person would use, such foresight as is necessary under the circumstances, then it was for them to say from those facts:

"Is not the plaintiff guilty of contributory negligence? If so, it is the duty of the jury to render their verdict in favor of the defendant. * * * Therefore the burden is upon the plaintiff to satisfy you, gentlemen, not alone that the walk was in bad condition, but that the defendant placed that cleat or board at or near the corner of 105th street and Lexington avenue, on the east side of the street, and that it was improper and that it could not be seen; but it is for you to say from the facts, gentlemen, as it is admitted by the plaintiff and her husband, that there was sufficient light there to enable them to see where they were walking. * * * If you find from the facts that the plaintiff did not act carefully and prudently, knowing the condition of that walk, and deliberately walked without looking, then I charge you, gentlemen, she was guilty of contributory negligence as a matter of law, and it is the duty of the jury under those circumstances to render a verdict in favor of the defendant."

The court further charged, at the request of the defendant, that a plank upon the walk, 10 feet long, 2 feet wide, and 2½ inches high, did not constitute a dangerous condition or defect in the street or on

the walk, for which the defendant would be liable. The jury having disregarded the court's charge upon the law as charged upon the facts as to the plaintiff's contributory negligence, it is the duty of the court to grant the motion for a new trial.

The motion is therefore granted. Settle order on one day's notice.