MARY QUIRK, Respondent, *v.* BRADLEY CONTRACTING COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, November, 1916.)

Negligence — action to recover for personal injuries — exercise of reasonable care — trial.

> In circumstances of exceptional danger due to construction work in a street, of which a pedestrian has knowledge, the exercise of reasonable care on his part calls for the use of such precautions as the unusual conditions require.

> In an action to recover for personal injuries sustained by plaintiff falling over boards covering an excavation in a street, a refusal to charge the jury "that where an unusual condition obtains in the street the plaintiff is required to use unusual care," is proper, as without any statement as to what was meant by "unusual care" the jury might have inferred that it meant the highest degree of care.

APPEAL by defendant from judgment of the City Court of the city of New York in favor of plaintiff from order denying defendant's motion for a new trial.

Frederick L. C. Keating (Joseph A. Corbett, of counsel), for appellant.

Hellmuth Moerchen, for respondent.

GUY, J.    Plaintiff sues to recover damages for personal injuries. In December, 1913, the plaintiff was engaged in the construction of a section of the subway at Lexington avenue and Eighty-seventh street, in the borough of Manhattan. In the prosecution of its work it appears that the defendant had covered the

excavation in the street with boards, and the ordinary street traffic was over those boards. Plaintiff testified that on December 9, 1913, she was passing over this decking on the south crosswalk of Eighty-seventh street and Lexington avenue from west to east; that she proceeded leisurely, picking her steps along; that as she passed the south-bound car tracks she looked up and down to see if there was a car coming downtown or any vehicle coming up, and then she went on and took another step, and as she looked again she saw an automobile coming, and her foot caught in a block of wood throwing her heavily on her right side, whereby she received the injuries complained of.

According to the testimony given by the plaintiff and her witnesses (which was the only testimony in the case, the defendant putting in no evidence), the block of wood referred to was over two feet long and from two to three inches thick, " straight up and down," and nailed on the planking which covered the excavation, and there was a depression or hole immediately west of the board.

The question of defendant's negligence and plaintiff's contributory negligence were for the jury to determine.

The principal ground of appeal is on the exception taken to the refusal of the court to charge defendant's request " that where an unusual condition obtains in the street, the plaintiff is required to use unusual care." What constitutes reasonable care is dependent upon the circumstances of each case, and it is well settled by the authorities that under circumstances of exceptional danger, as in the present case, due to the construction work which was being performed in the street, of which construction work plaintiff had knowledge, the exercise of reasonable care calls for the exercise of more than ordinary precaution, and for the use

of such precautions as the unusual conditions require. *Maloney* v. *Bradley Contracting Co.*, 84 Misc. Rep. 452. Had the request been so worded as to enlighten the jury as to the meaning of the word " unusual," it would have been the duty of the court to charge specifically as requested. See *Walsh* v. *Central New York Teleph. & Tel. Co.*, 176 N. Y. 163; 119 App. Div. 432; *Maloney* v. *Bradley Contracting Co.*, 84 Misc. Rep. 452. But " unusual " conditions, unless they present exceptional or unusual elements of danger, call for no use of extraordinary or unusual care. Where a highway is lighted in an unusually brilliant manner, the " unusual " condition of the highway might justify the use of a lesser degree of care than should be used under usual conditions. It is also evident that without any statement as to what was meant by unusual care, *i. e.*, care commensurate to the unusual degree of danger thus presented, the jury would, by the charging of the request as presented, have been left to conjecture what unusual care meant, and might have inferred that it meant the highest degree of care, such as the employment of assistance or support, or refraining from using the walk until the obstacle had been removed. The learned judge, therefore, committed no error in refusing the request.

BIJUR and SHEARN, JJ., concur.

Judgment affirmed, with costs.